Allen, J.
delivered the opinion of the Court.
The Court is of opinion, that where it is alleged that error has been committed in excluding proper and relevant testimony from the jury, it is incumbent on the party seeking to reverse a judgment for this cause to shew that error has been committed; and to this end *273 the evidence offered and rejected must appear to have been relevant from the statement of the evidence alone; or if the relevancy or irrelevancy of the evidence offered depends upon other facts in the cause, the party alleging the error should present such a case on the record as shews the relevancy of the evidence rejected. The Court is further of opinion, that as it no where appears when the act of violence on the part of Thornton Utz to his sister, or the threat of said Thornton Utz against a daughter of the testator, was offered or made, whether before or after the paper purporting to be a will was executed, or that they had any connection with, or were done or said with reference to the execution of a will, or had any influence whatever over the execution thereof, the evidence, if received, could not have proved influence or contrivance on the part of the principal devisees to procure a will; nor by itself, unconnected with any thing else, does it prove, or tend to prove, that said testator in executing said will was operated upon by fear or obedience to the wishes of the principal devisees. And the Court is further of opinion, that the private declaration of Daniel Utz jr. as offered to be proved, was still more irrelevant. It amounts, taken by itself, to nothing more than an expression of a hope that a will would be made favourable to him; and this hope not communicated to the testator. Such evidence neither proved or tended to prove any influence or the exercise of any improper means to procure the will; and unless made relevant by something not appearing in the record, was properly rejected at the trial. The Court is further of opinion, that there was no error in refusing to give the instruction asked for; it not appearing that the alleged false representation had any influence upon the testator in the execution of the will. The instruction required the Court to pronounce as a rule of law that a particular fact being proved, though it may have had no influence whatever on the testator, avoided his will.
*274 The Court is further of opinion, that it was the business of the appellants, the plaintiffs in the Court below, to make all proper parties, and see that the cáse was regularly matured against the defendants before it was brought on for hearing. That if the answer of the guardian ad litem is to be considered as not regularly filed, and the order of publication against the absent defendants does not appear to have been regularly executed, yet an issue was directed by the consent of the appellants ; and no suggestion or motion was made by the appellants either before or after the trial of the issue, that the cause had not been fully matured as to all the defendants. The defendants who alone might have been prejudiced by these formal errors, if any error was committed, have not complained; they may be content with the verdict and the decree; and it is too late for the appellant, in the appellate Court, to take advantage of his own omission to reverse a decree which is correct in all other respects.
Decree affirmed.