## Richmond

### ELVIN FLYTHE

### v.

### COMMONWEALTH OF VIRGINIA

March 6, 1981.

Record No. 800647.

Present: Carrico, C.J., Harrison, Cochran, Poff, Compton, Thompson, JJ., and Harman, SJ.*

---

\* Mr. Chief Justice I'Anson presided at the oral argument of this case but retired on January 31, 1981.

*William S. Moore, Jr.* (*Moore and Sharpe,* on brief), for appellant.
*Stephanie J. Valentine, Assistant Attorney General* (*Marshall Coleman, Attorney General,* on brief), for appellee.

PER CURIAM.

This appeal by Elvin Flythe involves the applicability of the enhanced punishment provisions of Code § 18.2-53.1. The defendant was tried in the lower court upon two indictments charging him with attempted murder and two indictments charging him with the use of a firearm in each of the attempts. Tried on all four indictments in the same proceeding, Flythe was convicted of all charges, sentenced to two two-year terms of imprisonment for the attempted murders, and to terms of one year and three years, respectively, for the use of a firearm in the attempts to murder.

On the morning of November 10, 1979, Flythe and his former girl friend, Frances Alston, had an argument in her house in the presence of her brothers Amos and Jeffrey. The defendant left the house but thereafter returned carrying a shotgun. The trial judge, sitting without a jury, found that as Frances and Jeffrey attempted to flee the house the defendant fired at them. The court thereupon convicted Flythe of attempting to murder both Frances and Jeffrey and of the use of a firearm in the two attempts.

The defendant objected to the court's imposition of a three-year sentence under the second indictment charging the use of a firearm in an attempt to murder. Flythe contends that there should be only one conviction because the use of the firearm constituted only one offense and that therefore neither of the convictions qualified as a "second or subsequent conviction" under Va. Code § 18.2-53.1.

Virginia's enhanced punishment statute, Code § 18.2-53.1, provides as follows:

> **Use or display of firearm in committing felony.**—It shall be unlawful for any person to use or attempt to use any pistol, shotgun, rifle, or other firearm or display such weapon in a threatening manner while committing or attempting to commit murder, rape, robbery, burglary, malicious wounding as defined in § 18.2-51, or abduction. Violation of this section shall constitute a separate

and distinct felony and any person found guilty thereof shall be sentenced to a term of imprisonment of one year for a first conviction, and for a term of three years for a second or subsequent conviction under the provisions of this section. Notwithstanding any other provision of law, the sentence prescribed for a violation of the provisions of this section shall not be suspended in whole or in part, nor shall anyone convicted hereunder be placed on probation. Such punishment shall be separate and apart from, and shall be made to run consecutively with, any punishment received for the commission of the primary felony. (1975, cc. 624, 628; 1976, c. 371; 1980, c. 333.)

The above statute was construed by this court in *Ansell* v. *Commonwealth,* 219 Va. 759, 250 S.E.2d 760 (1979). While the precise issue involved here was not determined in *Ansell,* our decision there is pertinent. Ansell committed six offenses within a period of forty-five minutes and as a result was indicted and tried on two indictments for robbery, one indictment for attempted robbery, and three indictments for the use and display of a firearm in the commission of the primary felonies. The trial court, upon finding Ansell guilty of each offense, sentenced him for all three primary offenses, and for periods of one year on the first indictment and three years each on the second and third indictments under Code § 18.2-53.1. Ansell claimed that the enhanced punishment statute was analogous to Virginia's general recidivist statute and that the court erred in applying the enhanced punishment provisions of the statute to the offenses committed prior to his first conviction. Ansell contended that each of the sentences imposed upon him pursuant to § 18.2-53.1 should have been for one year only. We rejected the construction sought by Ansell and held that the trial court did not err in imposing the three-year sentences.

Flythe seeks to distinguish *Ansell* upon the ground that the instant case does not involve a series of serious felonies committed over a period of time but is one incident, involving one act and two different individuals. Flythe maintains that there has been no second or subsequent conviction within the purview of the statute. We disagree.

The trial court found that the defendant attempted to murder two individuals. The court convicted Flythe under three indictments, the attempted murder of Frances, the attempted murder of Jeffrey, and the use of a firearm in an attempted murder. Upon consideration of the fourth indictment, which also charged defendant with use of a firearm in an attempted murder, the court determined that the defendant had been previously convicted and sentenced for using a firearm in an at-

tempt to commit murder, therefore a conviction of the defendant under the fourth indictment would not be a first conviction but rather a second or subsequent conviction. It is our conclusion that the trial court's construction of the statute is correct. The statute addresses itself not to the act or the incident, but to the offenses committed with a firearm and the convictions that result therefrom.

The enhanced punishment provided by the statute is not geared to whether an accused has committed one or more acts. Instead, it is geared to the number of actual convictions suffered by an accused. Where several convictions result from the same act, each conviction is separate and distinct from the other. It is the identity of the offense and not of the act which is dispositive. We have held that if two or more persons are injured by a single criminal act, this results in a corresponding number of distinct offenses. *See Lawrence* v. *Commonwealth,* 181 Va. 582, 26 S.E.2d 54 (1943); *Vaughan* v. *Commonwealth,* 4 Va. (2 Va. Cas.) 273 (1821).

In *Ansell* we held that the purpose of Code § 18.2-53.1 is to deter violent criminal conduct and that the application of the increased penalty provision of the statute to a subsequent offense without an intervening conviction was proper. We rejected Ansell's argument for the same reason that we now reject Flythe's. Both cases involved separate indictments for separate crimes which were tried jointly with the defendant receiving successive sentences. Any conviction that follows a first conviction is a subsequent conviction within the purview of Code § 18.2-53.1.

Accordingly, the judgment of the court below is

*Affirmed.*