**Salem**

MICHAEL WAYNE MASON

v.

COMMONWEALTH OF VIRGINIA

No. 0350-92-3

Decided April 20, 1993

COUNSEL

Sidney H. Kirstein (McRorie & Kirstein, on brief), for appellant.

Margaret Ann B. Walker, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**COLEMAN, J.**—Michael Wayne Mason was convicted by a jury of two counts of distributing cocaine in violation of Code § 18.2-248. Mason received an enhanced punishment for the second conviction pursuant to Code § 18.2-248(C). On appeal, Mason argues that the court erred by applying the enhanced punishment provision to the second offense because he had not been previously convicted when he committed or was tried for the second offense. Mason's argument has no merit. Accordingly, we affirm the conviction.

In a single trial, Mason was found guilty by a jury of having distributed cocaine on June 6 and June 8, 1991. The trial judge instructed the jury that, if they found Mason guilty of both the June 6 and June 8 offenses, they could impose the enhanced punishment as provided by Code § 18.2-248(C) for a second drug distribution conviction. The jury found Mason guilty of both counts and recommended a ten-year sentence for the June 6 offense and an enhanced penalty of twenty years for the June 8 offense.

Code § 18.2-248(C) provides that "[u]pon a second or subsequent conviction" of manufacturing, selling, giving or distributing a Schedule I or II controlled substance, the court or jury may, in its discretion, impose upon the defendant an enhanced punishment of up to

life imprisonment, rather than the forty-year maximum for a first offender. Contrary to Mason's contention, the statute contains no provision that, in order for the enhanced penalty provision to obtain, the defendant must have been convicted of the first offense before committing the second offense. We will not read such a requirement into the statute. Concededly, because the statute is penal in nature, it must be strictly construed, and any ambiguity or reasonable doubt as to its meaning must be resolved in Mason's favor. *Wesley v. Commonwealth*, 190 Va. 268, 275-76, 56 S.E.2d 362, 365 (1949); *Ansell v. Commonwealth*, 219 Va. 759, 761, 250 S.E.2d 760, 761 (1979). "This does not mean, however, that [Mason] is entitled to a favorable result based upon an unreasonably restrictive interpretation of the statute." *Ansell*, 219 Va. at 761, 250 S.E.2d at 761.

Mason would have us interpret the provisions of Code § 18.2-248(C) to provide that an enhanced punishment could be imposed only for offenses committed after an individual had already been convicted of a drug offense. In support of this position, Mason argues that the purpose of the statute is to deter recidivism, and only when an individual has been previously convicted will the risk of receiving enhanced punishment for a second offense deter the repeated criminal conduct. However, the purpose of recidivist statutes is also to protect society against habitual criminals and to impose further punishment upon them for habitual criminal conduct. *Wesley*, 190 Va. at 276, 56 S.E.2d at 365; *Ansell*, 219 Va. at 761, 250 S.E.2d at 761. While one purpose of some recidivist statutes may be to give convicted felons an incentive to reform, in which case the prior conviction must precede the commission of the second offense, *see Ansell*, 219 Va. at 761, 250 S.E.2d at 761-62 (citing 24 A.L.R.2d 1247, 1249 (1952)), the purpose of other recidivist statutes is to deter criminal conduct. In those instances,

> there is no reason not to apply the increased penalties to any subsequent offense with or without an intervening conviction "since presumably a greater penalty would be required to deter a repetition of criminal activity by an offender who has not been convicted previously than to deter repetition by the offender who has been subjected to the corrective impact of conviction and sentence."

*Ansell*, 219 Va. at 762-63, 250 S.E.2d at 762 (quoting *Gonzalez v. United States*, 224 F.2d 431, 433 (1st Cir. 1955)). Consequently, an enhanced punishment may be applied where there are multiple

convictions for separate offenses in a simultaneous prosecution. *Morris v. Commonwealth*, 228 Va. 206, 210-12, 321 S.E.2d 633, 635-36 (1984); *Flythe v. Commonwealth*, 221 Va. 832, 833-35, 275 S.E.2d 582, 583-84 (1981); *Ansell*, 219 Va. at 763, 250 S.E.2d at 763.

■ The purpose of the enhanced punishment provision of Code § 18.2-248(C) is to halt and punish those who repeatedly sell drugs. To construe the statute as Mason suggests would enable an offender to engage in a spree of drug sales over an extended period of time prior to his apprehension and to receive the status of a first offender as to each violation. *See Ansell*, 219 Va. at 763, 250 S.E.2d at 763. Such an interpretation would be contrary to the clear legislative intent and unreasonably restrictive. The trial court did not err by instructing the jury that, in the event Mason was convicted of both the June 6 and June 8 distribution offenses, it could impose an enhanced punishment for the June 8 offense pursuant to Code § 18.2-248(C).

*Affirmed.*

Baker, J., concurred.

Benton, J., dissenting.

"Statutes such as [Code § 18.2-248(C)], providing additional punishment for subsequent commission of the same offense, are criminal in nature." *Ansell v. Commonwealth*, 219 Va. 759, 762, 250 S.E.2d 760, 762 (1979) (footnote omitted). "[T]he rule of construction applicable to [criminal statutes] is that if the language admits of two *reasonable* but contradictory constructions, that resulting favorably to the accused should be applied." *Wesley v. Commonwealth*, 190 Va. 268, 276, 56 S.E.2d 362, 365 (1949). "Moreover, the general rule is that the prior conviction must precede the commission of the primary offense in order to activate the enhanced punishment provision under habitual criminal statutes." *Ansell*, 219 Va. at 761, 250 S.E.2d at 761-62.

"While in common parlance a verdict of guilty is said to be a conviction, it must be given its strict legal meaning when a second offense is made a distinct crime, carrying with it heavier penalties. The authorities overwhelmingly establish, first, that in the legal sense a conviction is a judgment on a plea or verdict of guilty; second, a second offense, carrying with it a more severe

sentence, cannot be committed in law until there has been a judgment on the first; third, the indictment, charging the accused of being a second offender, must set forth the fact of the prior conviction, as that is an element of the offense in the sense that it aggravates the offense described in the indictment, and authorizes the increased punishment.''

*United States v. Abreu*, 962 F.2d 1447, 1451 (10th Cir. 1992) (en banc) (quoting *Singer v. United States*, 278 F. 415, 420 (3d Cir.), *cert. denied*, 258 U.S. 620 (1922)). Indeed, this Court has held that a jury verdict of guilty is not a conviction until the trial judge enters judgment. *Dowell v. Commonwealth*, 12 Va. App. 1145, 1147-49, 408 S.E.2d 263, 264-66 (1991), *aff'd en banc*, 14 Va. App. 58, 414 S.E.2d 440 (1992).

Relying upon *Morris v. Commonwealth*, 228 Va. 206, 321 S.E.2d 633 (1984), *Flythe v. Commonwealth*, 221 Va. 832, 275 S.E.2d 582 (1981), and *Ansell*, the majority strictly construes Code § 18.2-248(C) against the interpretation favorable to the accused. In all of these cases, the Supreme Court addressed one specific statute, Code § 18.2-53.1, and found a legislative purpose that suggested deviation from the general rule. However, the purpose of Code § 18.2-53.1 is not the same as the purpose of Code § 18.2-248(C).

In *Ansell*, the Supreme Court determined that the purpose of the statute proscribing the use of a gun in the commission of felonious offenses was ''to deter violent criminal conduct rather than to reform the most dangerous class of criminals.'' 219 Va. at 763, 250 S.E.2d at 762. In reaching that determination, the Court relied upon the legislative purpose that it derived as follows from the statutory language.

The 1976 Amendment [to Code § 18.2-53.1] restricted the application of the statute to the serious felonies therein enumerated rather than having it apply to all felonies. However, the severity of the punishment was significantly increased. Inflexible penalties replaced the wide range of discretionary penalties originally authorized; trial courts were prohibited from suspending the sentence, in whole or in part, or placing the offender on probation; and the punishment was required to run consecutively rather than concurrently with the punishment imposed for commission of the primary felony.

*Id.*

The Supreme Court recognized, however, that all habitual criminal statutes do not serve the same purpose. They may be enacted either "to serve as a warning to felons and to give them an incentive to reform . . . [or] to deter criminal conduct." *Ansell*, 219 Va. at 762, 250 S.E.2d at 762. In the case of Code § 18.2-248(C), nothing in the legislation suggests that the General Assembly did not intend the statute to act as a warning to felons and to provide for an incentive to reform. Such a warning in order to provide incentives is an appropriate purpose for statutes that address narcotic offenders. *See Gonzalez v. United States*, 224 F.2d 431, 435 (1st Cir. 1955).

Absent legislative expression to the contrary, we have no mandate to adopt the harshest, most punitive interpretation of the statute. *Abreu*, 962 F.2d at 1451 (second and subsequent offense statutes are harsh and must be strictly construed in favor of the accused to avoid and protect against unintended applications). I would hold that when Code § 18.2-248(C) is strictly construed against the Commonwealth, as we are bound to construe criminal statutes, *Davis v. Commonwealth*, 12 Va. App. 246, 248, 402 S.E.2d 711, 712 (1991); and when the statute is " 'limited in application to cases falling clearly within the language of the statute,' " *id.* (quoting *Crews v. Commonwealth*, 3 Va. App. 531, 536, 352 S.E.2d 1, 3 (1987)), an accused must have been convicted of a violation of Code § 18.2-248 prior to the commission of a second offense before that person can be subjected to an increased punishment for "second or subsequent conviction of such a violation." Code § 18.2-248(C). "Such a rule is not only easily administered by the trial courts but fully recognizes the highly penal nature of a statute providing for severer punishment on conviction of a second offense." *State v. Lopez*, 120 Ariz. 607, 609, 587 P.2d 1184, 1186 (1978). *See also Garrett v. State*, 59 Md. App. 97, 112-18, 474 A.2d 931, 938-41, *cert. denied*, 300 Md. 483, 479 A.2d 372 (1984).

I dissent.