COURT OF APPEALS OF VIRGINIA


Present: Judges Baker, Coleman and Elder
Argued at Salem, Virginia


FRANK EDDIE DINGUS
                                          OPINION BY
v.        Record No. 1743-95-3     JUDGE LARRY G. ELDER
                                       NOVEMBER 5, 1996
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF WISE COUNTY
             William R. Shelton, Judge Designate

        Daniel W. Fast for appellant.

        Robert H. Anderson, III, Assistant Attorney
        General (James S. Gilmore, III, Attorney
        General, on brief), for appellee.


     Frank Eddie Dingus (appellant) appeals his convictions for

(1) four counts of operating an illegal gambling establishment

having a gross revenue of $2,000 or more in a single day, in

violation of Code § 18.2-328; and (2) operating an illegal

gambling establishment, in violation of Code § 18.2-328.

Appellant contends that (1) his convictions on multiple counts of

operating an illegal gambling establishment violated his rights

against twice being placed in jeopardy for the same offense, and

(2) the trial court improperly admitted evidence of appellant's

prior felony convictions from Tennessee in the sentencing phase

of his bifurcated trial. We disagree with appellant and affirm

his convictions.

I.

FACTS

Appellant and his father conducted an illegal gambling operation in Wise County beginning in November 1994. Virginia ABC Board Special Agent Johnnie Burke testified that he attended card games conducted by appellant, where bets were placed, on five occasions between November 18, 1994 and December 18, 1994. Burke testified that on four separate occasions--November 18, December 2, December 3, and December 10, 1994, respectively-- gross receipts from each gambling enterprise exceeded $2,000. On December 18, 1994, after Agent Burke was in appellant's establishment for approximately ten minutes, law enforcement officers entered the premises to execute a search warrant.

The Commonwealth indicted appellant for eight separate offenses. Count 1 alleged that appellant conspired to operate an illegal gambling establishment, in violation of Code § 18.2-328. Count 2 alleged that appellant conducted an illegal gambling enterprise in substantial continuous operation for more than thirty days, in violation of Code § 18.2-328. Counts 3, 4, 5, 6, and 7 each alleged that appellant operated an illegal gambling activity where the gross revenue was $2,000 or more in a single day, in violation of Code § 18.2-328. These counts related to the dates of November 18, December 2, December 3, December 10, and December 18, 1994, respectively. Count 8 alleged that appellant unlawfully gambled, a misdemeanor violation of Code

§ 18.2-326.

At a pretrial hearing on appellant's motion to quash, appellant argued that the Commonwealth improperly charged him with separate offenses in Counts 2-7, in violation of the language of Code § 18.2-328 and double jeopardy principles. The trial court denied appellant's motion. At appellant's bifurcated trial, the Commonwealth agreed to nol prosse Count 2.

After hearing evidence, the jury convicted appellant on Counts 3-6--operating an illegal gambling establishment having a gross revenue of at least $2,000, for the dates November 18, December 2, December 3, and December 10, 1994, respectively. Because the evidence did not establish a gross revenue of at least $2,000 for Count 7, appellant was convicted of simple operation of an illegal gambling establishment. The jury also convicted appellant on Count 1 (conspiracy) and Count 8 (misdemeanor gambling). Appellant did not appeal his convictions on Counts 1 and 8.

During the trial's sentencing phase, the Commonwealth presented evidence that in 1987, appellant had been convicted in Tennessee on two counts of attempted felony kidnapping. The conviction orders contained a certification from the deputy clerk of the court but did not contain a judge's certification. The trial court overruled appellant's objection that the sentencing orders were improperly authenticated.

At the trial's punishment phase, the jury recommended (1) a

fine of $1,000 for the conspiracy conviction; (2) a one year period of incarceration and a fine of $500 for each of the four charges relating to the operation of a gambling establishment where the gross revenues exceeded $2,000 on a particular day; and (3) a fine of $1,000 for the charge relating to simple operation of a gambling establishment (Count 7).  Appellant moved to set aside the verdicts on double jeopardy grounds.  The trial court overruled the motion and sentenced appellant in accordance with the jury's recommendations.  Appellant now appeals to this Court.

## II.

## DOUBLE JEOPARDY ARGUMENT

The constitutional prohibition of double jeopardy consists of three separate guarantees:  (1) it protects against a second prosecution for the same offense after acquittal; (2) it protects against a second prosecution for the same offense after conviction; and (3) it protects against multiple punishments for the same offense.  Illinois v. Vitale, 447 U.S. 410, 415 (1980); Tyler v. Commonwealth, 21 Va. App. 702, 706, 467 S.E.2d 294, 296 (1996).  In this case, we concern ourselves with the third guarantee, as appellant argues that he received multiple punishments for one continuing illegal gambling transaction.

Appellant bases his argument on the language of Code § 18.2-328 (entitled "Conducting illegal gambling operation; penalties"), the Code section on which Counts 3 through 7 were predicated.  Code § 18.2-328, in pertinent part, states:

-4-

> The operator of an illegal gambling enterprise, activity or operation shall be guilty of a Class 6 felony. However, any such operator who engages in an illegal gambling operation which (i) has been or remains in substantially continuous operation for a period in excess of thirty days or (ii) has gross revenue of $2,000 or more in any single day shall be fined not more than $20,000 and imprisoned not less than one year nor more than ten years.

Appellant contends that the statute's first sentence addresses the proscribed behavior--namely, the act of operating an illegal gambling enterprise, activity, or operation. A defendant convicted of this offense is guilty of a Class 6 felony.[1] Appellant next asserts that the statute's second sentence provides two sets of circumstances under which an offender is subject to enhanced punishment. Under appellant's theory, his five separate convictions under Code § 18.2-328 amounted to unconstitutional multiple punishments for the same offense, which was the one continuing act of operating an illegal gambling enterprise, activity, or operation. While certain aspects of appellant's argument are correct, his ultimate conclusion on this issue of first impression lacks merit.

We agree with appellant that Code § 18.2-328 proscribes one crime and sets forth that crime's elements in the first sentence. To convict a defendant under Code § 18.2-328, the Commonwealth need prove only that the defendant operated an illegal gambling

---

[1] A Class 6 felony carries a term of imprisonment ranging from zero to five years and/or a maximum $2,500 fine. Code § 18.2-10(f).

enterprise, activity, or operation.  We also agree with appellant that under two sets of circumstances, a defendant may receive an enhanced penalty for operating an illegal gambling enterprise, activity, or operation:  (1) where the enterprise operates for over thirty days, or (2) where the enterprise grosses at least $2,000 in a single day.

None of this means, however, that the Commonwealth cannot charge a defendant with multiple violations of this Code section, using the first sentence as the predicate for the multiple charges.  Under appellant's analysis, a defendant who operated an illegal gambling enterprise for 365 consecutive days, earning daily revenues of over $2,000, would be guilty of no more criminal conduct than a defendant who operated an illegal gambling enterprise for one night, earning $2,000.  This conclusion is untenable.  We believe that the General Assembly intended to allow the Commonwealth to elect to charge a defendant with multiple counts of violating Code § 18.2-328, where the evidence proves that the statute was violated at distinct and separate times.  For example, if a person operated an illegal gambling activity on Friday night, was arrested for this offense, and then returned to operate an illegal gambling activity on Saturday night, this person could be indicted for two distinct violations of Code § 18.2-328.  If the person's activities grossed him or her more than $2,000 on each night, that person would also be subject to two enhanced sentences.

Our analysis is supported by the similar statutory scheme in Code § 18.2-248, which punishes drug offenses. Code § 18.2-248(A) states that "it shall be unlawful for any person to manufacture, sell, give, distribute, or possess with intent to manufacture, sell, give or distribute a controlled substance or an imitation controlled substance." Like the first sentence of Code § 18.2-328, section (A) sets forth the proscribed crime and provides the crime's elements. Code § 18.2-248(C) then provides the punishment, stating that any person violating this statute with respect to a Schedule I or II drug shall "be imprisoned for not less than five nor more than forty years and fined not more than $500,000." Code § 18.2-248(F) provides for alternate punishment, stating that any person violating this statute with respect to a Schedule III, IV, or V drug "shall be guilty of a Class 1 misdemeanor." Just as in Code § 18.2-328, Code § 18.2-248(A) punishes a criminal act, and sections (C) and (F) provide various degrees of punishment. And just as a defendant may be charged with multiple violations of Code § 18.2-328, a defendant may be charged with multiple violations of Code § 18.2-248, when the drug transactions occur at separate times. See, e.g., Able v. Commonwealth, 16 Va. App. 542, 431 S.E.2d 337 (1993)(defendant convicted of two separate counts of cocaine distribution in violation of Code § 18.2-248, after undercover officer purchased cocaine from defendant on May 10 and May 14, 1991); Mason v. Commonwealth, 16 Va. App. 260, 430 S.E.2d 543

-7-

(1993)(defendant convicted of two separate counts of cocaine distribution in violation of Code § 18.2-248, after he sold drugs on June 6 and June 8, 1991).[2] Similarly, as the Commonwealth points out, a defendant may be convicted of multiple violations of Code § 18.2-256, the narcotics conspiracy statute, even where there was only one agreement to distribute several illegal drugs over a two year period. Wooten v. Commonwealth, 235 Va. 89, 368 S.E.2d 693 (1988).

"Concededly, because [Code § 18.2-328] is penal in nature, it must be strictly construed, and any ambiguity or reasonable doubt as to its meaning must be resolved in [appellant's] favor." Mason, 16 Va. App. at 262, 430 S.E.2d at 543. "This does not mean, however, that [appellant] is entitled to a favorable result based upon an unreasonably restrictive interpretation of the

---

[2] In Mason, the defendant received an enhanced punishment, pursuant to Code § 18.2-248(C) on his second offense, which had been committed two days after the first offense. Appellant contended that he was not subject to enhanced punishment because he had not been convicted previously of a drug offense before he was tried for the second offense. We rejected this argument and said:

> To construe the statute as Mason suggests
> would enable an offender to engage in a spree
> of drug sales over an extended period of time
> prior to his apprehension and to receive the
> status of a first offender as to each
> violation. Such an interpretation would be
> contrary to the clear legislative intent and
> unreasonably restrictive.

Mason, 16 Va. App. at 263, 430 S.E.2d at 544 (citation omitted).

We believe that the same logic holds in this case.

statute." <u>Id.</u> at 262, 430 S.E.2d at 544 (quotation and citation omitted). The trial court, therefore, did not err in denying appellant's motion to set aside the challenged convictions as violative of the double jeopardy prohibition.

III.

INTRODUCTION OF OUT-OF-STATE CONVICTIONS

Following appellant's convictions during the bifurcated trial's guilt phase, the trial court commenced a "separate proceeding limited to the ascertainment of punishment" in accordance with Code § 19.2-295.1.  "Code § 19.2-295.1 provides, in pertinent part, that 'the Commonwealth shall present' to the jury during the sentencing phase of a bifurcated trial 'the defendant's prior criminal convictions by certified, attested or exemplified copies of the record of conviction.'"  Gilliam v. Commonwealth, 21 Va. App. 519, 521, 465 S.E.2d 592, 593 (1995).

During the sentencing phase in this case, the Commonwealth introduced two certified conviction orders from the Criminal Court of Sullivan County, Tennessee.  Each order stated that appellant had been convicted of "attempt to commit felony of kidnapping" on September 30, 1987.  Each order also stated that the Clerk of the Court "certif[ies] that the above and foregoing one page contains a full, true and correct copy of the judgment of Court rendered in the above case, on the day stated, as the same appears of record in my office."  The signature of the criminal court's deputy clerk appeared in the signature block beneath this statement on each order.

We hold that the trial court properly admitted these copies of appellant's conviction records pursuant to Code § 19.2-295.1.  Under prior decisions of this Court, the two orders were

-10-

properly "certified" within the meaning of Code § 19.2-295.1. For example, in <u>Carroll v. Commonwealth</u>, 10 Va. App. 686, 396 S.E.2d 137 (1990), we held that the Commonwealth did not prove that a prior habitual offender order was properly "certified" or "authenticated" where the order did not establish in what capacity a certain "Peggy B. Elmore" signed the order. Here, this problem did not present itself; the orders were signed on behalf of the Clerk of the Criminal Court of Sullivan County by a "Kathleen Holt," Deputy Clerk. <u>See</u> <u>Durrette v. County of Spotsylvania</u>, 22 Va. App. 122, 468 S.E.2d 128 (1996)(discussing attestation requirements); <u>Anderson v. Commonwealth</u>, 13 Va. App. 506, 413 S.E.2d 75 (1992)(discussing authentication requirements); <u>Owens v. Commonwealth</u>, 10 Va. App. 309, 391 S.E.2d 605 (1990)(holding that a conviction order was properly certified and attested where it was stamped "A COPY, TESTE: WILLIAM T. RYAN, CLERK" and undersigned by the deputy clerk). We find unpersuasive appellant's argument that the trial court should have applied the more stringent certification requirements of Code § 8.01-389(A1), a statutory section contained in the "Civil Remedies and Procedures" title of the Code when a specific statute, Code § 19.2-295.1, merely requires that the order be "certified, attested <u>or</u> exemplified."[3]

_____

[3]At the time of trial, Code § 8.01-389(A1) required that records of other states must be certified by the judge in addition to the clerk to be admissible. Since that time, the statute has been amended to eliminate the requirement that the judge certify the order.

Based on the foregoing, we affirm appellant's convictions.

<u>Affirmed.</u>

Coleman, J., concurring in part, dissenting in part.


I concur in Part II of the majority decision. However, in my opinion, the trial court erred during the sentencing phase of the bifurcated trial by admitting two documents which purported to be conviction orders from the Criminal Court of Sullivan County, Tennessee. These orders had not been properly authenticated as required by Code § 8.01-389(A1), as it read at the time of trial. Therefore, I dissent from the holding in Part III of the majority's opinion and would remand the case for resentencing by another jury in accordance with the provisions of Code § 19.2-295.1.[4]

A written order or record of a judicial proceeding from another court that is offered to prove the content of the document is hearsay and is inadmissible evidence unless authorized by statute or by a recognized exception to the hearsay rule. See Owens v. Commonwealth, 10 Va. App. 309, 311, 391 S.E.2d 605, 607 (1990)("'[t]he underlying rationale which justifies admitting facts contained in official records as an exception to the hearsay rule is that the concern for reliability is largely obviated because the nature and source of the evidence enhance the prospect of its trustworthiness.'" (quoting Ingram

_____

[4]In 1996 Code § 8.01-389(A1) was amended. Under the revised statute, the Tennessee orders with only a single certification would be admissible. Thus, although the orders would now be admissible on remand, they were inadmissible at the time of trial, in my opinion.

v. Commonwealth, 1 Va. App. 335, 338, 338 S.E.2d 657, 658-89 (1986))).  Code § 8.01-389 provides that a properly authenticated and certified record of a court or judicial proceeding "shall be received as prima facie evidence" of the record.  Thus, this statute codifies as part of the official records exception to the hearsay rule judicial "records" which are properly authenticated, Owens, 10 Va. App. at 311, 391 S.E.2d at 607; and, it also provides how records from courts of the Commonwealth and foreign jurisdictions are to be authenticated and certified; and it further codifies the legislature's recognition of the constitutional requirement that Virginia courts shall give full faith and credit to the judgments of the courts of a sister state.  Moreover, Code § 8.01-389(A1) provides that an official record of a court of another state shall be "authenticated by the clerk of the court where preserved to be a true record, and similarly certified by a judge of that court."  (Emphasis added).  Where, as here, the required certification by a judge of the Criminal Court of Sullivan County, Tennessee was missing, the order was not properly authenticated as required by Code § 8.01-389(A1) and it should not have been admitted into evidence.  See Carroll v. Commonwealth, 10 Va. App. 686, 396 S.E.2d 137 (1990).

The majority concludes that the more stringent double authentication or exemplification requirements of Code § 8.01-389(A1), as it read at the time of appellant's trial, did

not control in this case because Code § 19.2-295.1, which is a specific statute, requires only that the order be "certified, attested or exemplified." (Emphasis added). The majority concludes that Code § 19.2-295.1 permits the admission of an order from any jurisdiction that has been certified or attested without the required double certification necessary to exemplify a foreign judgment order. The majority reasons that Code § 19.2-295.1, which contains no requirement for double certification, is the statute that specifically deals with the admission of judgment orders in sentencing proceedings, therefore, it controls over Code § 8.01-389(A1), the general statute controlling the certification, attestation, and exemplification of orders.

This is not a situation, however, in which two statutes deal with the same subject matter and, therefore, the principles of statutory construction require that the specific statute controls over the general statute. Code § 19.2-295.1 does not address and does not govern how judicial records are to be certified, authenticated, or exemplified--authentication being the necessary requirement to establish trustworthiness of a document in order to qualify it under the official records hearsay exception. Instead, Code § 19.2-295.1 merely specifies that a defendant's prior criminal convictions are admissible in the bifurcated sentencing procedure and shall be proven by certified, attested or exemplified copies of the record of conviction; this statute

-15-

does not undertake to define how records are to be "certified, attested or exemplified." Code § 8.01-389 is the only statute that controls how judicial records are to be "certified, attested or exemplified" in order to be admissible. In order for a judicial record to be "certified, attested or exemplified" so as to be admissible the proponent of the evidence must comply with the requirements of Code § 8.01-389, which the Commonwealth failed to do in this case.

Accordingly, I would hold that error occurred during the sentencing phase of the trial, which error was not harmless, and I would remand this case to the trial court for resentencing by a jury empaneled in accordance with Code § 19.2-295.1.