COURT OF APPEALS OF VIRGINIA

Present: Judges Benton, Bray and Senior Judge Hodges
Argued at Norfolk, Virginia


DANYEL BROWN, s/k/a
 DANYEL OLANDIZ BROWN

MEMORANDUM OPINION[*] BY
v.    Record No. 3084-96-1          JUDGE RICHARD S. BRAY
                                     NOVEMBER 18, 1997
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
Randolph T. West, Judge

David B. Olson (Saunders, Cope, Olson &
Yoffy, on brief), for appellant.

Thomas D. Bagwell, Senior Assistant Attorney
General (Richard Cullen, Attorney General, on
brief), for appellee.


Danyel Brown (defendant) was convicted in the trial court
for two distinct robberies, two attendant abductions, one
attendant carjacking, and five uses of a firearm in the
commission of the several felonies.  Defendant appeals only the
firearm convictions, arguing that the predicate offenses together
comprised two criminal episodes, each of which supported only a
single firearm offense, and that the additional firearm
convictions constituted "multiple punishment for the same
offense" in violation of the prohibition against double jeopardy.
 Finding no error, we affirm the convictions.

The parties are fully conversant with the record, and this
memorandum opinion recites only those facts essential to a

--------

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

disposition of the appeal.

No material facts are in dispute.  On the evening of December 2, 1995, cab driver Louis Narrow "picked up" defendant and two other youths in the City of Newport News.  En route to their destination, one of the three placed a gun to Narrow's head and directed him to stop the vehicle.  The perpetrators then robbed Narrow of approximately $139, ordered him from the car, and fled with the vehicle.  As a result, defendant was indicted and convicted of robbery, abduction, carjacking, and three uses of a firearm in the commission of the felonies in violation of Code § 18.2-53.1.

On December 8, 1995, Robert Williams, Jr., also a cab driver, picked up defendant and another youth and drove them to the Denbigh Square Apartments in the City of Newport News.  Upon arrival, defendant pressed a "handgun" against Williams' right temple and robbed him of approximately $20.  Defendant then demanded that Williams drive a short distance and stop once again, when defendant took the vehicle keys and ran away.[1]  Defendant was subsequently indicted and convicted of robbery, abduction and the attendant two uses of a firearm.

> Code § 18.2-53.1 provides, in pertinent part,
> It shall be unlawful for any person to use any . . . firearm . . . while committing . . . robbery, carjacking, . . . or abduction.  Violation of this section shall constitute a separate and distinct

---

[1]Williams' cellular phone was also stolen during the robbery.

> felony . . . . Such punishment shall be separate and apart from . . . any punishment received for the commission of the primary felony.

Defendant argues that each of the two criminal events, although comprised of several felonies, was continuous in nature, involving only a single victim and a single "criminal intent." He, therefore, reasons that punishment for successive and distinct firearm offenses arising from each component felony amounts to multiple punishments for the same offense. We find no merit in defendant's argument.

In Flythe v. Commonwealth, the Supreme Court concluded that "[Code § 18.2-53.1] addresses itself not to the act or the incident, but to the offenses committed with a firearm . . . . It is the identity of the offense and not of the act which is dispositive." 221 Va. 832, 835, 275 S.E.2d 582, 584 (1981); see also Morris v. Commonwealth, 228 Va. 206, 212, 321 S.E.2d 633, 636 (1984) (multiple felonies and corresponding firearm offenses may result from a single act); Sullivan v. Commonwealth, 16 Va. App. 844, 847-48, 433 S.E.2d 508, 510 (1993) (contemporaneous robbery of two persons with one firearm constituted two robberies and two dependent firearm offenses).

Accordingly, each of the several predicate felonies committed by defendant while using a firearm constituted a separate violation of Code § 18.2-53.1, and we affirm the convictions.

Affirmed.