## CIRCUIT COURT OF HANOVER COUNTY

Commonwealth of Virginia

    v.

John Michael Schneider

May 7, 2009

Case No. CR04000634-00

BY JUDGE J. OVERTON HARRIS

On January 10, 2005, Defendant received nine separate convictions for unlawful filming, videotaping, or photographing of another in violation of the Code of Virginia § 18.2-386.1. As a result of his convictions, Defendant has been compelled to register as a sex offender pursuant to the Code of Virginia § 9.1-902(B)(1).

Before the Court is defendant's motion for an order establishing that defendant has not been convicted of a crime which requires registration under the Virginia Sex Offender and Crimes Against Minors Registry Act. Defendant, by counsel, and the Commonwealth appeared on April 8, 2009, for arguments on the Motion, and the Court took the matter under advisement. Upon thorough consideration of the pleadings and the law, the Court finds as follows.

According to the Sex Offender and Crimes Against Minors Registry Act, "Every person convicted on or after July 1, 1994 . . . of an offense set forth in § 9.1-902 . . . shall register and re-register as required by this chapter." Va. Code § 9.1-901(A). Included as an "[o]ffense for which registration is required" is "a third or subsequent conviction of . . . § 18.2-386.1." Va. Code § 9.1-902(B)(1).

Defendant claims that he has not received a "third or subsequent conviction" as contemplated by the Act, due to the fact that his nine convictions occurred on the same day. It is apparent that this phrasing, though common in the Code, has never been interpreted in a non-penal context and certainly not as it is used in the Sex Offender and Crimes Against Minors Registry Act. The Court thus treats this matter as an issue of first impression.

The disputed phrasing has been clearly and uniformly interpreted as used in a penal context. *See Ansell v. Commonwealth*, 219 Va. 759, 250 S.E.2d 760 (1979) (multiple convictions received in a single trial qualify as "second or subsequent convictions" under § 18.2-53.1); *Flythe v. Commonwealth*, 221 Va. 832, 275 S.E.2d 582 (1981) (simultaneous convictions resulting from simultaneous offenses qualify as "second or subsequent convictions" under § 18.2-53.1); *Morris v. Commonwealth*, 228 Va. 206, 321 S.E.2d 633 (1984) (simultaneous convictions resulting from a single act qualify as "second or subsequent convictions" under § 18.2-53.1); *Mason v. Commonwealth*, 16 Va. App. 260, 430 S.E.2d 543 (1993) (multiple convictions received in a single trial qualify as "second or subsequent convictions" under § 18.2-248(C)). The Code also uses this particular device for "offenses" rather than "convictions." *See Thomas v. Commonwealth*, 256 Va. 38, 501 S.E.2d 391 (1998). Regardless of the prescribed triggering event, contemporaneousness of convictions or offenses has never been a bar to enforcement of the statutes.

Defendant argues, however, that because the provisions of the Sex Offender and Crimes Against Minors Registry Act are not penal in nature, they should be interpreted differently from the above-cited precedent and in his favor. Penal statutes are to be strictly construed, with any ambiguity or reasonable doubt as to their meaning resolved in a defendant's favor. *Ansell*, 219 Va. at 761. It was this rule of construction by which *Ansell* and its progeny were decided. The Sex Offender and Crimes Against Minors Registry Act, on the other hand, clearly states that it "shall be liberally construed to effect the purposes hereof." Va. Code § 9.1-920. The Court finds no reason to interpret the disputed statutory phrasing device differently from *Ansell* and its progeny, as the penal standard is far more favorable to Defendant than the standard dictated in the Sex Offender and Crimes Against Minors Registry Act.

The Court does not believe that further interpretive gymnastics are necessary or proper in this case. The Court must "give effect to the legislature's intention as expressed by the language used in the statute unless a literal interpretation of the language would result in a manifest absurdity." *Budd v. Punyanitya*, 273 Va. 583, 591, 643 S.E.2d 180, 184 (2007). "[T]he

plain, obvious, and rational meaning of a statute is always to be preferred to any curious, narrow, or strained construction." *Turner v. Commonwealth*, 226 Va. 456, 459, 309 S.E.2d 337, 338 (1983).

The Supreme Court of Virginia has found that the disputed statutory phrasing device "is clear on its face," "free of ambiguity," and operative regardless of whether previous convictions are in place before another is received. *Thomas*, 256 Va. at 41. This finding is bolstered by the demonstrated capacity of the legislature to unambiguously express its intent that convictions or offenses be separate in time for enforcement of a statute. *See* Va. Code §§ 18.2-386.1(E), 16.1-278.8(A)(14).

Defendant has accumulated at least three convictions of § 18.2-386.1 after July 1, 1994. Although none of his convictions were subsequent to another, Defendant has been convicted a third time of a violation of § 18.2-386.1 within the plain meaning of § 9.1-902(B)(1) of the Sex Offender and Crimes Against Minors Registry Act.

Defendant's Motion is denied.