COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Coleman and Senior Judge Cole
Argued at Richmond, Virginia


KEITH WAYNE MILLER
                                          OPINION BY
v.        Record No. 2549-94-3     JUDGE SAM W. COLEMAN III
                                          JUNE 11, 1996
COMMONWEALTH OF VIRGINIA


           FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
                     Mosby G. Perrow, III, Judge


            Elizabeth P. Murtagh (Office of the Public
            Defender, on brief), for appellant.

            John K. Byrum, Jr., Assistant Attorney
            General (James S. Gilmore, III, Attorney
            General, on brief), for appellee.



     Keith Wayne Miller was convicted in a bench trial of using a

firearm during the commission of rape in violation of Code

§ 18.2-53.1.[1]   He was sentenced as a recidivist to a mandatory

_____

     [1]Code § 18.2-53.1. Use or display of firearm in committing
felony.

          It shall be unlawful for any person to use or
     attempt to use any pistol, shotgun, rifle, or other
     firearm or display such weapon in a threatening manner
     while committing or attempting to commit murder, rape,
     forcible sodomy, inanimate or animate object sexual
     penetration as defined in [Code] § 18.2-67.2, robbery,
     carjacking, burglary, malicious wounding as defined in
     [Code] § 18.2-51, malicious bodily injury to a
     law-enforcement officer as defined in [Code]
     § 18.2-51.1, aggravated malicious wounding as defined
     in [Code] § 18.2-51.2, malicious wounding by mob as
     defined in [Code] § 18.2-41 or abduction.  Violation of
     this section shall constitute a separate and distinct
     felony and any person found guilty thereof shall be
     sentenced to a term of imprisonment of three years for
     a first conviction, and for a term of five years for a
     second or subsequent conviction under the provisions of
     this section.  Notwithstanding any other provision of

term of five years in the penitentiary, rather than to three years, which is the mandatory sentence for a first offender. Miller contends that the trial court erred by sentencing him as a recidivist because the Commonwealth did not produce a copy of the prior conviction order at sentencing and, therefore, the evidence was insufficient to prove that this was a second or subsequent conviction. Alternatively, he claims that even if the evidence at sentencing proved a prior conviction, he was not a recidivist because a prior conviction had not been entered at the time of the hearing in which he was adjudged guilty, and furthermore, he was not a recidivist or second offender because the predicate offense was committed subsequent to the charged offense. We find Miller's claims to be without merit. Accordingly, we affirm the trial court's order sentencing Miller to a term of five years in the penitentiary for a second or subsequent conviction.

On September 23, 1994, the Circuit Court of Lynchburg found the defendant guilty of several related felonies, including the use of a firearm during the commission of rape, all of which occurred on April 13, 1994. At arraignment, the trial judge and defense counsel informed the defendant that the punishment for

(..continued)
> law, the sentence prescribed for a violation of the provisions of this section shall not be suspended in whole or in part, nor shall anyone convicted hereunder be placed on probation. Such punishment shall be separate and apart from, and shall be made to run consecutively with, any punishment received for the commission of the primary felony.

the firearm offense under Code § 18.2-53.1 is a mandatory three year sentence that will run consecutively to any sentence imposed for the primary offense.[2]  The defendant had not been previously convicted of using a firearm in violation of Code § 18.2-53.1 at the time of arraignment or the bench trial of the guilt phase of the trial.  After finding Miller guilty on all charges, the court set sentencing for November 18, 1994.

At the sentencing hearing, the probation officer testified, and the presentence report showed, that on September 19, 1994, four days before the bench trial for the present offense, the Circuit Court of Amherst County had found the defendant guilty, but had not sentenced him, of using a firearm in the commission of rape in violation of Code § 18.2-53.1.  The Amherst County conviction is the predicate offense that the Commonwealth relies on for sentencing the defendant as a recidivist.[3]  The Amherst

---

[2]Miller does not contend that he was prejudiced or was deprived of any right by being advised that the punishment for the offense for which he was being tried was a mandatory three year, rather than five year, sentence.  He does not claim that he would have requested a jury trial if he had known that the potential sentence would be five years.  Moreover, he made no request at sentencing, and has made no claim here, that he should have been permitted to withdraw his waiver of a jury trial for the firearms offense.  See Thomas v. Commonwealth, 218 Va. 553, 238 S.E.2d 834 (1977) (deciding when an accused may withdraw waiver of a jury trial).

[3]A guilty verdict is not a conviction until a final order of judgment has been entered.  Ramdass v. Commonwealth, 248 Va. 518, 520, 450 S.E.2d 360, 361 (1994), cert. denied, 115 S. Ct. 1800 (1995).

County offense was committed in May 1994, after the commission of the Lynchburg offense. On November 14, 1994, four days before sentencing on the present offense, the Circuit Court of Amherst County sentenced the defendant for the Amherst firearm conviction in violation of Code § 18.2-53.1. No copy of that conviction order was introduced into evidence at the sentencing hearing for the present offense. However, the probation officer testified about the defendant's conviction in Amherst County, and the presentence report included the Amherst County conviction as part of his criminal record.

The defendant claims, in effect, that a probation officer's testimony and report are inadmissible hearsay when offered to prove a prior conviction at a sentencing hearing, and that the evidence is insufficient to prove a prior conviction absent a copy of the conviction order. The defendant did not contend at the sentencing hearing that the probation officer's testimony or report were inadmissible hearsay. See Baughan v. Commonwealth, 206 Va. 28, 31, 141 S.E.2d 750, 753 (1965) (holding that hearsay testimony that is admitted without objection may "properly be considered by the trial court and given its natural probative effect"). Although Code § 19.2-295.1 requires the Commonwealth to provide a defendant with certified copies of prior conviction orders in a bifurcated jury trial proceeding, "[a] sentencing judge may consider hearsay contained in a probation report." Thomas v. Commonwealth, 18 Va. App. 656, 659, 446 S.E.2d 469, 471

- 4 -

(1994) (en banc). Because the defendant did not object to the probation officer's testimony concerning the prior firearm conviction on the ground that it was inadmissible hearsay or contend that the evidence was insufficient without a copy of the conviction order to prove that he had a prior conviction, we will not consider those issues for the first time on appeal. Rule 5A:18; Rule 5A:12. Furthermore, the record reveals no good cause for the defendant's failure to object in the trial court, nor is it necessary for us to consider the issues in order to attain justice in the case. See Jimenez v. Commonwealth, 241 Va. 244, 249, 402 S.E.2d 678, 680 (1991); Mounce v. Commonwealth, 4 Va. App. 433, 435-36, 357 S.E.2d 742, 744 (1987).

With respect to the defendant's contention that he cannot be sentenced as a recidivist under Code § 18.2-53.1 where the offense for the predicate conviction was committed after the charged offense, our holding in Stubblefield v. Commonwealth, 10 Va. App. 343, 347, 392 S.E.2d 197, 198 (1990), controls. In Stubblefield, we held that Code § 18.2-53.1 is a "specific," rather than a general, recidivist statute and, therefore, was intended to "impose[] additional punishment for a subsequent conviction for the same offense." Id. (first emphasis added). "Such statutes are aimed at punishment of specific behavior, not reform." Id. (emphasis in original). Because Code § 18.2-53.1 is concerned with punishing repeat firearm offenders, the statute punishes for a "second or subsequent conviction" without regard

to the dates of the convictions or the sequence in which the offenses were committed. "Any conviction that follows a first conviction is a subsequent conviction within the purview of Code § 18.2-53.1." Flythe v. Commonwealth, 221 Va. 832, 835, 275 S.E.2d 582, 584 (1981).

In Stubblefield, we held that an accused could be classified as a "recidivist" under Code § 18.2-53.1 where multiple convictions were rendered in a single jury trial. However, in light of the Supreme Court's decision in Ramdass and the enactment of Code § 19.2-295.1, which requires a separate sentencing proceeding in felony jury trials, guilty verdicts rendered in a single jury trial on multiple offenses are not final convictions until the entry of the conviction order. Therefore, requiring proof of a prior conviction at the time the verdicts are returned would be inconsistent with the holding in Stubblefield. Because there is no indication that the legislature intended such a result in enacting Code § 19.2-295.1, and because Code § 18.2-53.1 is "aimed at punishment of specific behavior, not reform," Stubblefield, 10 Va. App. at 347, 392 S.E.2d at 198, we hold that the relevant inquiry under Code § 18.2-53.1 is whether, at the time of sentencing, a conviction entered is a "second or subsequent conviction."

Here, the defendant had been previously convicted in Amherst County of violating Code § 18.2-53.1 at the time of sentencing for the charged offense. Therefore, the charged offense was a

- 6 -

"second or subsequent conviction," and the trial court did not err by sentencing the defendant as a "recidivist."

<u>Affirmed.</u>
