COURT OF APPEALS OF VIRGINIA


Present: Judges Elder, Frank and Senior Judge Hodges
Argued at Richmond, Virginia


MARGARET REA BRIGHT

OPINION BY
v.     Record No. 1064-98-2         JUDGE WILLIAM H. HODGES
                                      FEBRUARY 8, 2000
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF MADISON COUNTY
Lloyd C. Sullenberger, Judge

Stephen C. Harris for appellant.

Jeffrey S. Shapiro, Assistant Attorney
General (Mark L. Earley, Attorney General, on
brief), for appellee.


Margaret Rea Bright, appellant, was convicted of possessing cocaine with the intent to distribute, a second or subsequent offense, and with possessing a firearm while in possession of cocaine. On appeal, she contends the trial court erred "when it allowed the Commonwealth to prove the existence of a prior offense of possession with intent to distribute cocaine by using solely a jury verdict without the Court having pronounced final judgment and having sentenced the defendant." Bright also argues that the trial judge erred in refusing to strike a juror for cause and in refusing to strike the evidence.

We agree that the trial judge's evidentiary ruling was erroneous. We also find that the error was not harmless. Accordingly, we reverse her convictions.

THE APRIL 1997 PREDICATE OFFENSE

On January 28, 1998, a Madison County jury found appellant guilty of possessing cocaine on April 14, 1997, with the intent to distribute it. On that same date, the jury recommended punishment. The trial judge "entered judgment on the verdict of guilty" but ordered that "imposition of sentence be deferred while the Probation Officer prepares a presentence report." Sentencing was scheduled for April 8, 1998.

THE MAY 1997 SUBSEQUENT OFFENSE

On May 16, 1997, police officers arrested appellant and charged her with possessing cocaine with intent to distribute and with possessing a firearm while possessing cocaine. On February 11, 1998, the parties appeared before the trial court "to reschedule" the trial of the May 16, 1997 charges. Also before the trial court at that February 1998 hearing was the Commonwealth's motion to amend the indictment on the May 16, 1997 charges to reflect that this was appellant's "second or subsequent violation." That motion was filed on January 29, 1998, the day after the jury rendered its verdict on the April 1997 charge.

Defense counsel pointed out that a presentence report was being prepared for a future sentencing hearing yet to be scheduled. Therefore, he objected to the Commonwealth using a non-final conviction to amend the indictment.

-

The Commonwealth argued that the prior offense was established by the January 28, 1998 order finding appellant guilty of distributing cocaine.

The trial judge granted the Commonwealth's motion to amend the indictment "to allege a second or subsequent offense." He based his decision on prior case law approving enhanced punishment where two distribution convictions are obtained in a single trial.

On April 1, 1998, trial commenced on the May 16, 1997 charges. After selecting a jury, the trial judge excused the jurors and heard arguments relating to the admissibility of certain items of evidence. Defense counsel asked the trial court to prohibit the Commonwealth from using the prior "incomplete" and non-final conviction for enhancement purposes.

Relying on the same case law it used to uphold amendment of the indictment, the trial court ruled that an incomplete prior conviction was admissible.

Consequently, over appellant's continuing objection, the trial court admitted into evidence a certified copy of the January 28, 1998 jury verdict. The trial judge redacted the portion of the January 28, 1998 order indicating the jury's recommended punishment and admitted the prior conviction order into evidence. The jury found appellant guilty of possessing cocaine with intent to distribute, a second or subsequent offense, and of the attendant firearm offense.

-

DISCUSSION

A jury's verdict is "not a final conviction without the entry of the sentencing order and, therefore," it cannot "be used to establish [a] predicate first offense."  Batts v. Commonwealth, 30 Va. App. 1, 12, 515 S.E.2d 307, 313 (1999). Quoting Ramdass v. Commonwealth, 248 Va. 518, 520, 450 S.E.2d 360, 361 (1994), we noted the Supreme Court's directive that "'[j]udgment had not been entered on that verdict; therefore, it cannot be considered as a conviction under [the applicable Code provision].'"  Batts, 30 Va. App. at 12, 515 S.E.2d at 313. Moreover, we have held that "'[a] guilty verdict is not a conviction until a final order of judgment has been entered.'" Id. (quoting Miller v. Commonwealth, 22 Va. App. 497, 500 n.3, 471 S.E.2d 780, 781 n.3 (1996)).

Here, the trial judge admitted an order of conviction during the guilt phase of appellant's trial.  That order was not final because the jury's sentence had not been imposed and a final order had not yet been entered.  Accordingly, the trial judge erred in admitting it into evidence at trial.  Cf. Dowell v. Commonwealth, 12 Va. App. 1145, 408 S.E.2d 263 (1991) (holding that the trial court erred in allowing defendant to be impeached by jury's verdict of guilty for which defendant had not been sentenced and for which no final order had been entered), aff'd on reh'g en banc, 14 Va. App. 58, 414 S.E.2d 440 (1992).

-

A non-constitutional error is harmless if "it plainly appears from the record and the evidence given at trial that the error did not affect the verdict." Lavinder v. Commonwealth, 12 Va. App. 1003, 1005, 407 S.E.2d 910, 911 (1991) (en banc). "An error does not affect a verdict if a reviewing court can conclude, without usurping the [trial court's] fact finding function, that, had the error not occurred, the verdict would have been the same." Id.

We distinguish this case from Mason v. Commonwealth, 16 Va. App. 260, 262-63, 430 S.E.2d 543, 544 (1993). In Mason, a jury convicted Mason in a single trial of two separate counts of distributing cocaine in violation of Code § 18.2-248. As a result, Mason received an enhanced punishment for the second or subsequent offense. We held that "an enhanced punishment may be applied where there are multiple convictions for separate offenses in a simultaneous prosecution." Id. at 262-63, 430 S.E.2d at 544. Implicit in that holding is that each offense must be and was sufficiently proved by competent evidence. In Mason, there was no argument raised about the quality of the evidence to prove each offense; therefore, by sufficiently establishing each offense, the Commonwealth necessarily proved the second or subsequent offense. Here, and in Batts, the Commonwealth attempted to prove a prior conviction with a non-final order that "could not be used to establish the

-

predicate first offense." Batts, 30 Va. App. at 12, 515 S.E.2d at 313.

During the guilt phase of this trial, the jury was provided testimonial and documentary evidence that appellant had been found guilty by a jury of the same type of offense. Appellant was one of many people in the house at which drugs were found. We cannot say that evidence of the recent prior trial did not affect the jury's verdict. Accordingly, we reverse the convictions.

### SUFFICIENCY OF THE EVIDENCE AND REFUSAL TO STRIKE JUROR FOR CAUSE

"Because we reverse and remand for evidentiary reasons, we do not address" whether there was sufficient evidence of intent to distribute. Warmouth v. Commonwealth, 29 Va. App. 476, 480 n.1, 513 S.E.2d 418, 420 n.1 (1999). The trial court instructed the jury that the Commonwealth "must prove beyond a reasonable doubt that the defendant possessed with intent to distribute cocaine and that the defendant has a prior conviction for distribution of cocaine." The non-final conviction did not sufficiently prove one element of the charged offense, namely, the prior conviction. However, we cannot say how the jury would decide the issue absent the admission at the guilt phase of the non-final conviction. Therefore, should the Commonwealth choose to retry appellant, it may not try her on the enhanced charge. See Gorham v. Commonwealth, 15 Va. App. 673, 678, 426 S.E.2d

-

493, 496 (1993) (explaining consistent practice in Virginia and other states when the evidence is found insufficient to sustain conviction on appeal, but sufficient to sustain a conviction on a lesser-included offense, is to remand the case for retrial on the lesser offense); Stanley v. Commonwealth, 12 Va. App. 867, 407 S.E.2d 13 (1991) (reversing conviction of possession with intent to distribute and remanding for a new trial on lesser offense of possession of cocaine if the Commonwealth so decides).

Because we reverse the convictions, we find it unnecessary to address the trial judge's refusal to strike a juror for cause.

Reversed.