COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Elder and Senior Judge Cole
Argued at Richmond, Virginia


MATTHEW L. ARCHER

                                    MEMORANDUM OPINION[*] BY
v.    Record No. 2550-99-2          JUDGE JERE M. H. WILLIS, JR.
                                         JULY 5, 2000
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF PRINCE GEORGE COUNTY
                      James A. Luke, Judge

          Jay "C" Paul (Johnson & Paul, P.C., on
          brief), for appellant.

          Virginia B. Theisen, Assistant Attorney
          General (Mark L. Earley, Attorney General, on
          brief), for appellee.


     On appeal from his convictions of breaking and entering, in

violation of Code § 18.2-91, and possession of a firearm by a

previously convicted felon, in violation of Code § 18.2-308.2,

Matthew L. Archer contends that (1) the evidence is insufficient

to support the trial court's finding that he entered with the

intent to commit assault and battery, and (2) the evidence did

not support the finding that Archer was a convicted felon on the

date he possessed the firearm.  We affirm the judgment of the

trial court on the first issue.  We reverse his conviction of

possession of a firearm by a previously convicted felon.

_____

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

On appeal, we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. The judgment of a trial court sitting without a jury is entitled to the same weight as a jury verdict and will not be set aside unless it appears from the evidence that the judgment is plainly wrong or without evidence to support it.

Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

On September 1, 1998, Archer, seeking his wife, Stacy Archer, called the home of William Vokian. Archer told Vokian that he was coming to retrieve his wife and that he would not hurt Vokian as long as Vokian did not interfere. When Archer arrived at the house, he began yelling and beat on the front door. Vokian and Stacy were in the bedroom. Archer entered the house and began knocking on the bedroom door. He broke the door frame and pulled the door off its hinges, while threatening to kill both Stacy and Vokian. Once inside the bedroom, Archer struck Vokian. He then grabbed Stacy, struck her, and pulled her out of the room by her hair.

Archer was charged with burglary and assault and battery. He reached an accord and satisfaction with Stacy, and the trial court dismissed the charge of assault and battery. The trial court convicted Archer of breaking and entering with the intent to commit assault and battery, in violation of Code § 18.2-91.

-

Archer contends that the evidence was insufficient to support his conviction for burglary, because it failed to prove that he formed the intent to commit assault and battery before he forcibly entered Vokian's home.  See Bruce v. Commonwealth, 22 Va. App. 264, 267-69, 469 S.E.2d 64, 66-67 (1996), aff'd, 256 Va. 371, 506 S.E.2d 318 (1998).

Unquestionably, Archer broke and entered Vokian's home. Although Vokian could not remember whether the front door was locked, the act of pushing the door open was sufficient to constitute a breaking.  See Bright v. Commonwealth, 4 Va. App. 248, 252, 356 S.E.2d 443, 445 (1987).

Vokian testified that Archer was threatening on the telephone and angrily demanded admittance once he arrived at the house.  Once inside the house but while he was still outside the bedroom, Archer threatened to kill both Stacy and Vokian.  He was so angry he pulled the door off its hinges.  Upon entering the bedroom, he assaulted both Stacy and Vokian.  These circumstances support the inference that Archer traveled to Vokian's house with the intent to commit assault.

The trial court found:

> As to the breaking and entering, the
> evidence shows at the very least between
> entering through the front door and breaking
> through the bedroom door the intent to
> commit assault and battery was formed.  His
> statement shows that in his words he lost it
> before he entered the bedroom.  The [trial

-

c]ourt finds him guilty of breaking and
entering.

The evidence supports this finding.

Archer argues that the trial court's finding is in direct conflict with his own testimony that he did not become upset until after he entered the bedroom. The trial court, however, was not required to believe Archer's self-serving testimony. See Roberts v. Commonwealth, 230 Va. 264, 272, 337 S.E.2d 255, 260 (1985). "The credibility of the witnesses and the weight accorded their testimony are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995).

On November 2, 1995, Archer was convicted of malicious wounding and use of a firearm in the commission of a felony. On December 28, 1995, he was issued a summons relating to the condition of his shotgun. The final sentencing order on the November 2, 1995 conviction, which vacated the use of a firearm conviction and reduced the malicious wounding conviction to unlawful wounding, was not entered until March 21, 1996. Because the final order of conviction had not been entered on December 28, 1995, Archer was not at that time a previously convicted felon for purposes of Code § 18.2-308.2. See Bright v. Commonwealth, 31 Va. App. 488, 492, 524 S.E.2d 175, 177 (2000).

-

We affirm the judgment of the trial court as to the conviction of breaking and entering, in violation of Code § 18.2-91.  We reverse the conviction of possession of a firearm by a previously convicted felon, in violation of Code § 18.2-308.2, and dismiss that charge.

The judgment of the trial court is affirmed in part and reversed in part.

<u>Affirmed in part,</u>
<u>reversed in part.</u>

-