## CIRCUIT COURT OF THE CITY OF NORFOLK

Commonwealth of Virginia

v.

Nathaniel Sanderson

March 27, 2001

Case No. CR99001384-00

BY JUDGE MARC JACOBSON

Nathaniel Sanderson, the defendant, was indicted on four counts of Distribution of Cocaine, Possession of Cocaine with Intent to Distribute, Possession of a Firearm while in Possession of Cocaine with Intent to Distribute, Possession of a Firearm by a Convicted Felon, and Conspiracy to Violate the Drug Control Act. Defendant entered into a Plea Agreement and pleaded guilty to two Distribution Charges, Possession with the Intent to Distribute, and Possession of a Firearm while in Possession of Cocaine with Intent to Distribute. The Commonwealth contends that Defendant's sentence on the charges to which he pleaded guilty may be enhanced pursuant to Va. Code § 18.2-248(C) because Defendant did plead guilty to multiple violations at the same time. Counsel for Defendant argues that the sentences of the Defendant can not be enhanced under the circumstances of the aforesaid guilty pleas.

In *Mason v. Commonwealth*, 16 Va. App. 260, 430 S.E.2d 543 (1993), the defendant was charged with offenses arising out of his conduct on two separate dates but the charges and offenses were tried simultaneously and Defendant was convicted of two counts of Distributing Cocaine. The prosecution sought an enhanced sentence under § 18.2-248(C), which reads in pertinent part:

Any person who violates this section (pertaining to drug distribution and possession) with respect to a controlled substance classified in

Schedule I or II shall upon conviction be imprisoned for not less than five nor more than forty years and fined not more than $500,000. Upon a second or subsequent conviction of such a violation, any such person may, in the discretion of the court or jury imposing the sentence, be sentenced to imprisonment for life or for any period not less than five years and be fined not more than $500,000.

The trial court applied the enhanced punishment provision, and, on appeal, the defendant argued that the punishment was improper because "he had not been previously convicted when he committed or was tried for the second offense." *See id.* at 261.

The Court of Appeals in *Mason* held that the defendant's enhanced punishment was proper, stating that "an enhanced punishment may be applied where there are multiple convictions for separate offenses in a simultaneous prosecution." *See id.* at 262. The Court reasoned that the aforesaid rationale in *Mason* was discussed in *Bright v. Commonwealth*, 31 Va. App. 488, 524 S.E.2d 175 (2000), where the court stated "In *Mason* . . . [w]e held that 'an enhanced punishment may be applied where there are multiple convictions for separate offenses in a simultaneous prosecution' . . . by sufficiently establishing each offense, the Commonwealth necessarily proved the second or subsequent offense." *See id.* at 493.

Defendant in this case may be sentenced to an enhanced punishment, but the imposition of such a sentence is still within the discretion of the trial court.