COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton,[*] Judges Frank and Clements
Argued at Chesapeake, Virginia


RODNEY HILLARD

                                         MEMORANDUM OPINION[**] BY

v.      Record No. 0276-05-1           JUDGE JEAN HARRISON CLEMENTS
                                               APRIL 18, 2006

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
David F. Pugh, Judge

(Cathy E. Krinick; Law Offices of Krinick & Segall, on brief), for
appellant.  Appellant submitting on brief.

Virginia B. Theisen, Assistant Attorney General (Judith Williams
Jagdmann, Attorney General, on brief), for appellee.


Rodney Hillard (appellant) appeals the five-year sentence imposed in accordance with the

jury's recommendation following his second or subsequent conviction for use of a firearm in the

commission of a felony under Code § 18.2-53.1.[1]  Appellant contends that, under the circumstances

of this case, the trial court erred by instructing the jury to fix his sentence at five, rather than three,

years.  For the reasons that follow, we affirm appellant's sentence.

As the parties are fully conversant with the record in this case, and because this

memorandum opinion carries no precedential value, this opinion recites only those facts and

---

[*] On April 1, 2006, Judge Felton succeeded Judge Fitzpatrick as chief judge.

[**] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Appellant was also convicted in this case of malicious wounding.  He raises no issue as to that conviction on appeal.

incidents of the proceedings as are necessary to the parties' understanding of the disposition of this appeal.

## I. BACKGROUND

In January 1988, appellant was convicted of use of a firearm in the commission of a felony, in violation of Code § 18.2-53.1.

In March 2004, appellant was indicted in the instant case for use of a firearm "while committing malicious wounding," in violation of Code § 18.2-53.1. The indictment did not indicate that he had previously been convicted of use of a firearm in the commission of a felony.

The Commonwealth offered no evidence during the guilt phase of appellant's trial to show he had a previous conviction under Code § 18.2-53.1. Nor did the trial court instruct the jury that appellant was being tried for a second or subsequent violation of Code § 18.2-53.1. After deliberating, the jury found appellant guilty as charged in the indictment.

During the sentencing phase of trial, the Commonwealth introduced, and the trial court admitted into evidence without objection, a certified copy of the order of appellant's 1988 conviction under Code § 18.2-53.1. Over appellant's objection, the trial court gave the jury a sentencing verdict form that stated: "We, the jury, having found the defendant guilty of use of a firearm in the commission of a felony; to-wit: malicious wounding, fix his punishment at imprisonment for five (5) years." The court gave the jury no other instruction concerning the firearm charge. Making no finding that appellant was a second or subsequent offender under Code § 18.2-53.1, the jury fixed appellant's sentence at five years, as instructed.

Thereafter, the trial court sentenced appellant in accordance with the jury's recommendation, and this appeal followed.

II. ANALYSIS

Appellant contends the trial court erred at sentencing by instructing the jury to impose a sentence of five years. He claims that, because that sentence constituted the punishment for a second or subsequent conviction under Code § 18.2-53.1, the indictment had to specifically notify him that he was being charged under the statute as a second or subsequent offender. He also claims that, because his prior conviction for use of a firearm was an element of the offense for which he was sentenced under Code § 18.2-53.1, the Commonwealth had to prove that prior conviction during the guilt phase of trial. He concludes that, because the indictment did not notify him of the offense for which he was sentenced and because the Commonwealth failed during the guilt phase to prove he had previously been convicted under Code § 18.2-53.1, the verdict form instructing the jury to sentence him to five, rather than three, years was erroneous and should not have been given to the jury.

Code § 18.2-53.1, in relevant part, provides:

> It shall be unlawful for any person to use or attempt to use any pistol, rifle, or other firearm or display such weapon in a threatening manner while committing or attempting to commit . . . malicious wounding . . . . Violation of this section shall constitute a separate and distinct felony and any person found guilty thereof shall be sentenced to a mandatory minimum term of imprisonment of three years for a first conviction, and to *a mandatory minimum term of five years for a second or subsequent conviction* under the provisions of this section.

(Emphasis added.)

Code § 18.2-53.1 is a "specific recidivist" statute. Batts v. Commonwealth, 30 Va. App. 1, 12, 515 S.E.2d 307, 313 (1999). "[T]he purpose of the statute is to deter violent criminal conduct rather than to reform . . . ." Ansell v. Commonwealth, 219 Va. 759, 763, 250 S.E.2d 760, 762 (1979). To achieve this purpose, Code § 18.2-53.1 "imposes additional punishment for a subsequent conviction for the same offense." Stubblefield v. Commonwealth, 10 Va. App.

343, 347, 392 S.E.2d 197, 198 (1990) (emphasis omitted). Specific recidivist "statutes may by their language require that the indictment state that the offense charged is a second or subsequent offense. No such requirement, however, is mandated by [Code] § 18.2-53.1." Ansell, 219 Va. at 762, 250 S.E.2d at 762 (citation omitted).

In promulgating the principle above, the Supreme Court, in Ansell, addressed whether the enhanced punishment portion of Code § 18.2-53.1 was applicable to three separate offenses that were committed on the same day and tried together. Id. at 760, 250 S.E.2d at 761. There, the defendant pled guilty to three indictments for use of a firearm in the commission of a felony, in violation of Code § 18.2-53.1, and was found guilty of all three offenses. Id. at 760-61, 250 S.E.2d at 761. Although the defendant had no previous conviction under the statute, he was sentenced as a first-time offender for the first offense, and as a second and subsequent offender for the remaining offenses. Id. at 761, 250 S.E.2d at 761. Under such factual circumstances, the indictments could not recite that the defendant was being tried as a second or subsequent offender. Nonetheless, the Supreme Court affirmed the sentences on appeal, concluding that the enhanced punishment provision of Code § 18.2-53.1 was applicable and that the sentences were consistent with the statute's underlying deterrent purpose. Id. at 763, 250 S.E.2d at 763.

Similarly, in Stubblefield, we affirmed the defendant's conviction as a second or subsequent offender under Code § 18.2-53.1 where the indictment did not recite that the defendant was being charged as such an offender. 10 Va. App. at 346, 392 S.E.2d at 198. There, the defendant, who had no previous convictions under the statute at the time of the indictment, was charged as a first-time offender. Id. at 345, 392 S.E.2d at 197. One month after the indictment was issued, the defendant was convicted in an unrelated case of violating Code § 18.2-53.1. Id. at 346, 392 S.E.2d at 198. He filed a motion for a bill of particulars on the aforementioned indictment, to which the Commonwealth responded, "Having been previously

convicted of using a firearm during the commission of robbery, the defendant [violated Code § 18.2-53.1]." Id. The defendant argued that the indictment and bill of particulars failed to notify him that he was being charged as a second or subsequent offender. The trial court rejected the argument and convicted him as such an offender. In affirming the conviction, we declared that "Ansell makes clear that Code § 18.2-53.1 has no requirement of prior notice to the defendant." Id. at 348, 392 S.E.2d at 199.

Read together, Ansell and Stubblefield clearly establish that an indictment alleging an offense under Code § 18.2-53.1 need not recite language notifying a defendant that he is being charged as a second or subsequent offender. The essential purpose of the statute, deterrence through punishment, is achieved despite the lack of such a recitation. Although we recognize that appellant, unlike the defendants in Ansell and Stubblefield, had a previous conviction at the time of the indictment, this distinction alone does not warrant any prerequisite of notice inconsistent with those decisions. Accordingly, we conclude that language in the indictment notifying appellant that he was being tried as a second or subsequent offender was not required.

We further conclude that appellant's argument that the Commonwealth was required to prove his previous conviction under Code § 18.2-53.1 during the guilt phase of trial is also without merit. In Miller v. Commonwealth, 22 Va. App. 497, 471 S.E.2d 780 (1996), we reviewed a sentence imposed upon a defendant who had been convicted as a second or subsequent offender, pursuant to Code § 18.2-53.1. There, the defendant was tried and convicted as a first-time offender of violating Code § 18.2-53.1.[2] Id. at 499, 471 S.E.2d at 781. During the guilt phase of trial, the Commonwealth presented no evidence to prove the defendant had been previously convicted of violating the statute. However, at sentencing, the Commonwealth

_____

[2] The facts of Miller permit the reasonable inference that the indictment against the defendant recited no language informing him that he was being charged as a second or subsequent offender under Code § 18.2-53.1.

- 5 -

introduced evidence to prove that, four days prior to the guilt phase, the defendant had been convicted under the statute in an adjoining locality. Id. at 500, 471 S.E.2d at 781. The trial court accepted the Commonwealth's evidence and sentenced the defendant as a second or subsequent offender. Id. at 498-99, 471 S.E.2d at 780-81.

On appeal, we affirmed the sentence in Miller, explaining that,

> because Code § 18.2-53.1 is "aimed at punishment of specific behavior, not reform," Stubblefield, 10 Va. App. at 347, 392 S.E.2d at 198, we hold that the relevant inquiry under Code § 18.2-53.1 is whether, *at the time of sentencing*, a conviction entered is a "second or subsequent conviction."
> Here, the defendant had been previously convicted . . . of violating Code § 18.2-53.1 at the time of sentencing for the charged offense. Therefore, the charged offense was a "second or subsequent conviction," and the trial court did not err by sentencing the defendant as a "recidivist."

Id. at 502, 471 S.E.2d at 782 (first emphasis omitted).

It is clear, therefore, that, contrary to appellant's claim, the Commonwealth need not prove a defendant's prior use of a firearm conviction during the guilt phase of trial. Rather, as in Miller, the Commonwealth is permitted to introduce evidence at sentencing to prove that conviction.

Here, appellant had been previously convicted of violating Code § 18.2-53.1 at the time of sentencing for the instant offense. Presenting a certified copy of an order proving that conviction, the Commonwealth permissibly established at sentencing that the instant offense was appellant's second or subsequent use of a firearm conviction.

Although we conclude that appellant's arguments are without merit, we note that, as the Commonwealth acknowledges, the sentencing phase of trial was not wholly without error, in that there was no finding made by the jury at sentencing that appellant's conviction for use of a firearm was a second or subsequent conviction. Such a finding should have been made in order

for appellant to be sentenced to the mandatory minimum term of five years under Code § 18.2-53.1.

That error, however, was harmless. At the time of sentencing, appellant's previous conviction under Code § 18.2-53.1 already existed. The Commonwealth had presented, and the trial court had received into evidence, a certified copy of an order proving that previous conviction. Appellant raised no challenge, either here or at sentencing, to the validity of his previous conviction or the order presented in support thereof. We conclude, therefore, that the error at sentencing—the trial court's use of a penalty phase verdict form that precluded the jury from making a finding that appellant's conviction for use of a firearm was a second or subsequent conviction—was harmless. See Phoung v. Commonwealth, 15 Va. App. 457, 465-66, 424 S.E.2d 712, 717 (1992) (holding that an error in a jury instruction is harmless where "[t]he outcome would have been the same had the instruction been correct"); Neder v. United States, 527 U.S. 1, 17 (1999) ("[W]here a reviewing court concludes beyond a reasonable doubt that the omitted element was uncontested and supported by overwhelming evidence, such that the jury verdict would have been the same absent the error, the erroneous instruction is properly found to be harmless.").

## III. CONCLUSION

For these reasons, we affirm appellant's sentence.

Affirmed.