COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, McClanahan and Senior Judge Coleman
Argued by teleconference


TRAVIS LAVAR TOTTEN
                                                    MEMORANDUM OPINION* BY
v.        Record No. 0259-05-3                      JUDGE LARRY G. ELDER
                                                         MAY 9, 2006
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
                          Joseph W. Milam, Jr., Judge

            S. Jane Chittom, Appellate Defender (Virginia Indigent Defense
            Commission, on brief), for appellant.

            Leah A. Darron, Assistant Attorney General (Robert F. McDonnell,
            Attorney General, on brief), for appellee.


        Travis Lavar Totten (appellant) appeals from his bench trial convictions for attempted

robbery and use of a firearm in the commission of that offense.  On appeal, he contends the

evidence was insufficient to prove an attempted robbery.  He also contends the court lacked

authority to sentence him for a second offense firearms violation because the indictment failed to

charge the crime as a second offense.  We hold the evidence, viewed in the light most favorable

to the Commonwealth, supported appellant's conviction for attempted robbery.  We hold further

that the failure of the indictment to charge the related firearms crime as a second offense was not

fatal to appellant's conviction for that crime.  Thus, we affirm the challenged convictions.


_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

I.

A.

SUFFICIENCY OF EVIDENCE TO PROVE
ATTEMPTED ROBBERY OF CHRIS WILSON

In reviewing the sufficiency of the evidence on appeal, we examine the record in the light most favorable to the Commonwealth, granting to the evidence all reasonable inferences fairly deducible therefrom. Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987). The judgment of a trial court will be disturbed only if plainly wrong or without evidence to support it. Id. Unless we conclude a witness' testimony must be rejected as a matter of law based on its inherent incredibility, we must defer to the credibility determinations of "the fact finder[,] who has the opportunity of seeing and hearing the witnesses." Schneider v. Commonwealth, 230 Va. 379, 382, 337 S.E.2d 735, 736-37 (1985).

Appellant admitted robbing Lashawn Wilson of the contents of the cash drawer but denied attempting to rob Chris Wilson of the contents of his pocket. Appellant acknowledges, however, that Chris Wilson testified appellant both pointed a gun at him and "told me to give him what I had in my pocket." On this record, we hold that Chris Wilson's testimony, which the trial court expressly indicated it found credible, provided sufficient evidence to support appellant's conviction for attempted robbery.

That the video footage from the store's surveillance cameras did not clearly depict these events does not require a different result. The trial court heard evidence regarding the placement of the surveillance cameras in the store and viewed the footage from those cameras at trial, although the electronic media containing the video footage was not actually offered into evidence. The trial court expressly noted its belief that "what the Court could see from the surveillance camera alone is . . . insufficient *in and of itself* to convict these defendants of the attempted robbery of Chris Wilson and the related firearms charge." (Emphasis added). The

- 2 -

court also expressly found, however, that "the video does corroborate in many respects the testimony of Mr. Wilson," which the trial court found was "highly credible."

Thus, the court held that the fact that the attempted robbery was not clearly visible on the surveillance videos did not prevent the conclusion that the events to which Chris Wilson testified actually occurred. Based on the evidence in the record on appeal, which does not include the electronic media containing the surveillance video, we hold this conclusion was not plainly wrong or without evidence to support it.

B.

NECESSITY FOR CHARGING A SECOND OR SUBSEQUENT OFFENSE
IN INDICTMENT FOR USING A FIREARM
IN THE COMMISSION OF AN ATTEMPTED ROBBERY

Appellant argues the trial court could not impose the enhanced mandatory minimum penalty for a second or subsequent conviction for use of a firearm in the commission of an enumerated felony because the Commonwealth failed to charge in the indictment for that crime that it was a second or subsequent offense. We disagree.

Code § 18.2-53.1 provides in relevant part as follows:

> It shall be unlawful for any person to use or attempt to use any pistol, shotgun, rifle, or other firearm or display such weapon in a threatening manner while committing or attempting to commit . . . robbery . . . . Violation of this section shall constitute a separate and distinct felony and any person found guilty thereof shall be sentenced to a mandatory minimum term of imprisonment of three years for a first conviction, and to a mandatory minimum term of five years for a second or subsequent conviction . . . .

The Virginia Supreme Court interpreted this statute in Ansell v. Commonwealth, 219 Va. 759, 250 S.E.2d 760 (1979), in a manner directly contrary to the interpretation appellant advances in this appeal. The defendant in Ansell was indicted for two robberies, one attempted robbery, and three instances of using a firearm in the commission of the primary felonies in

- 3 -

violation of Code § 18.2-53.1.[1]  Id. at 760, 250 S.E.2d at 761.  All six offenses occurred within a forty-five-minute period.  Id. at 761, 250 S.E.2d at 761.  The defendant pleaded guilty to the offenses but objected when the trial court sentenced him to the enhanced mandatory minimum penalty for the second and third firearms convictions.  Id.

The Supreme Court noted that

> Statutes such as § 18.2-53.1, providing additional punishment for subsequent commission of the same offense, are criminal in nature. They are sometimes characterized as "specific recidivist" statutes. . . .  Such statutes *may* by their language require that the indictment state that the offense charged is a second or subsequent offense. *No such requirement, however, is mandated by § 18.2-53.1.*

Id. at 762, 250 S.E.2d at 762 (emphasis added) (citation and footnote omitted).  The Supreme Court also held that the purpose of this "specific recidivist" statute is to deter criminal conduct rather than to reform, which is the purpose of general recidivist statutes.  Id.  In light of this purpose, it explained,

> there is no reason not to apply the increased penalties to any subsequent offense with or without intervening conviction "since presumably a greater penalty would be required to deter a repetition of a criminal activity by an offender who has not been convicted previously than to deter repetition by the offender who has been subjected to the corrective impact of conviction and sentence."

Id. at 762-63, 250 S.E.2d at 762 (quoting Gonzalez v. United States, 224 F.2d 431, 433 (1st Cir. 1955)).

The Supreme Court applied this reasoning again in Flythe v. Commonwealth, 221 Va. 832, 834-35, 275 S.E.2d 582, 583-84 (1981).  Flythe involved one incident with two different

---

[1] Although Ansell was convicted under an earlier version of Code § 18.2-53.1, see 219 Va. at 760 n.1, 250 S.E.2d at 761 n.1 (quoting 1976 Va. Acts, ch. 371), which provided lower mandatory minimum sentences for first and second or subsequent convictions, it was identical to the present version in all relevant respects.

victims, whereas Ansell involved a series of distinct incidents committed in a forty-five-minute period. Flythe, 221 Va. at 834, 275 S.E.2d at 583. Nevertheless, the Supreme Court held that where the defendant was tried for the firearms offenses in one trial, the same legal principles applied because "[a]ny conviction that follows a first conviction is a subsequent conviction within the purview of Code § 18.2-53.1." Id. at 834-35, 275 S.E.2d at 583-84. Implicit in Flythe was the principle set out explicitly in Ansell--that Code § 18.2-53.1 does not require "the indictment state that the offense charged is a second or subsequent offense." 219 Va. at 762, 250 S.E.2d at 762.

In Stubblefield v. Commonwealth, 10 Va. App. 343, 392 S.E.2d 197 (1990), we considered the scope of the Supreme Court's holding in Ansell and applied it to convictions for unrelated firearms offenses rendered in separate proceedings. Based on Ansell, we rejected the defendant's claim that he was entitled to notice, via the indictment or a bill of particulars, that he was subject to punishment for the violation of Code § 18.2-53.1 as a second or subsequent offense. 10 Va. App. at 346-48, 392 S.E.2d at 198-99.

Thus, Virginia law clearly provides that Code § 18.2-53.1 does not require the Commonwealth to charge in an indictment, for using a firearm in the commission of an enumerated felony, that the particular crime is a second or subsequent offense before the offender may be sentenced to the enhanced mandatory minimum penalty.

Appellant nevertheless contends that our subsequent holding in Batts v. Commonwealth, 30 Va. App. 1, 515 S.E.2d 307 (1999), compels a different result. He argues Batts holds that "only a conviction which has become final, through entry of a sentencing order, can be used [as] a predicate conviction to impose the five year sentence under [Code §] 18.2-53.1." We hold Batts is distinguishable.

Batts, like Stubblefield, involved first and second firearms offenses that occurred at separate times and were tried in separate proceedings. Batts, 30 Va. App. at 5-9, 515 S.E.2d at 309-12. However, in Stubblefield, 10 Va. App. at 346-48, 392 S.E.2d at 198-99, the first conviction was final before it was used for enhancement purposes, whereas in Batts, 30 Va. App. at 5-9, 515 S.E.2d at 309-12, the first conviction was not yet final when used for enhancement. In the first proceeding in Batts, the defendant was convicted by a jury of the firearms offense, but sentencing was delayed. 30 Va. App. at 5-9, 515 S.E.2d at 309-12. Before Batts was sentenced for the first offense, a second, unrelated proceeding was held for another firearms offense. Id. In that second proceeding, Batts was convicted pursuant to an instruction that permitted the jury to sentence him for "a 'second or subsequent conviction' in the absence of proof of a first conviction." Id. at 12, 515 S.E.2d at 313. After the jury sentenced appellant for a second offense, the trial judge in the first proceeding, unrelated to the second, set aside the jury's verdict on the first firearms offense. Id. at 9, 515 S.E.2d at 311. Under those circumstances, which involved separate jury trials for unrelated offenses, we held "[a] final sentencing order was a necessary predicate to *this* action . . . . The jury's verdict [in the first proceeding] was not a final conviction without entry of the sentencing order and, therefore, could not be used to establish the predicate first offense." Id. at 12, 515 S.E.2d at 313.

We made no pronouncement in Batts regarding the wording of an indictment for a second or subsequent firearms offense not tried simultaneously with the first firearms offense. We did not, and could not, alter the Virginia Supreme Court's express pronouncement in Ansell that the Commonwealth need not charge in a firearms indictment that a firearms offense is a second or subsequent offense. Further, because Batts involved a second or subsequent firearms offense presented to a jury in a trial not conducted simultaneously with the trial for the first firearms offense, our holding therein was not inconsistent with the Supreme Court's ruling in Ansell that a

defendant may be subjected to the enhanced penalty provisions of Code § 18.2-53.1 when tried for multiple offenses in the same proceeding. To the contrary, we have consistently applied this principle in cases decided both before and after Batts. See Jefferson v. Commonwealth, 33 Va. App. 230, 239, 532 S.E.2d 899, 903 (2000), aff'd on reh'g en banc, 35 Va. App. 436, 545 S.E.2d 585 (2001); see also Mason v. Commonwealth, 16 Va. App. 260, 262-63, 430 S.E.2d 543, 544 (1993) (holding in context of different "specific recidivist" statute, Code § 18.2-248(C), providing enhanced punishment for second offense cocaine distribution, that "an enhanced punishment may be applied where there are multiple convictions for separate offenses in a simultaneous prosecution" (citing, *inter alia*, Flythe, 221 Va. at 833-35, 275 S.E.2d 583-84, and Ansell, 219 Va. at 763, 250 S.E.2d at 763)).

Finally, contrary to appellant's final argument, we hold the United States Supreme Court's decisions in Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), and Ring v. Arizona, 536 U.S. 584, 122 S. Ct. 2428, 153 L. Ed. 2d 556 (2002), do not compel a different result.[2] In Apprendi, the United States Supreme Court held that a court could not enhance a non-capital defendant's sentence based on aggravating factors found by the judge to exist by a preponderance of the evidence. 530 U.S. at 490, 120 S. Ct. at 2362-63, 147 L. Ed. 2d at 455. Rather, concluded the Court, those aggravating factors used for sentence enhancement were, in essence, elements of the crime, and the defendant was entitled by virtue of

---

[2] The Commonwealth contends appellant failed to preserve for appeal the argument that the United States Supreme Court's holdings require that the indictment allege the offense as a second offense in order for an enhanced mandatory penalty to apply. We disagree. Appellant clearly argued at trial that he could not be sentenced to the enhanced mandatory minimum penalty prescribed by the statute for a second or subsequent offense because the indictment did not charge a second offense and, thus, did not provide him with notice of the Commonwealth's intent to seek imposition of the enhanced penalty. This is all Rule 5A:18 required of him. See Lash v. County of Henrico, 14 Va. App. 926, 929, 421 S.E.2d 851, 852-53 (1992) (en banc) ("[Rule 5A:18] does not prohibit reliance on statutes or cases not presented to the trial court to support, on appeal, a position otherwise adequately presented at trial." (citing R. Martineau, Modern Appellate Practice § 3.8 (1983))).

the Sixth Amendment right to trial by jury to have the state prove those elements to a jury beyond a reasonable doubt.  Id.  In Ring, the Supreme Court held this same principle applied to aggravating factors used for sentence enhancement in capital cases.  536 U.S. at 588-89, 122 S. Ct. at 2432, 153 L. Ed. 2d at 563-64.

Appellant contends that after Apprendi and Ring, any factor justifying sentence enhancement, including the existence of a prior conviction for the same offense, not only must be proved at trial beyond a reasonable doubt but also must be alleged in the indictment.  The Supreme Court's rulings on the subject dispose of appellant's arguments on two separate grounds.

First, in deciding Ring, the Supreme Court specifically noted that Ring did not contend any of the "aggravating circumstance[s] related to past convictions" and, thus, that Ring did not challenge the Court's ruling in Almendarez-Torres v. United States, 523 U.S. 224, 118 S. Ct. 1219, 140 L. Ed. 2d 350 (1998), in which it "held that *the fact of prior conviction* may be found by the judge even if it increases the statutory maximum sentence."  Ring, 536 U.S. at 597 n.4, 122 S. Ct. at 2437 n.4, 153 L. Ed. 2d at 569 n.4 (emphasis added); see also Apprendi, 530 U.S. at 476, 120 S. Ct. at 2355, 147 L. Ed. 2d at 446 ("'[U]nder the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt.'" (quoting Jones v. United States, 526 U.S. 227, 243 n.6, 119 S. Ct. 1215, 1224 n.6, 143 L. Ed. 2d 311, 326 n.6 (1999))).  At least one member of the United States Supreme Court has indicated a majority of the justices disagree with the holding in Almendarez-Torres, see Shepard v. United States, 544 U.S. 13, 28, 125 S. Ct. 1254, 1264, 161 L. Ed. 2d 205, 219 (2005) (Thomas, J., concurring in part and concurring in judgment) (citing, *inter alia*, Almendarez-Torres, 523 U.S. at 248-49, 118

S. Ct. at 1233-34, 140 L. Ed. 2d at 371-72 (Scalia, J., joined by Stevens, Souter, and Ginsburg, J.J., dissenting), and Apprendi, 530 U.S. at 520-21, 120 S. Ct. at 2379, 147 L. Ed. 2d at 473-74 (Thomas, J., concurring)); see also Apprendi, 530 U.S. at 489, 120 S. Ct. at 2362, 147 L. Ed. 2d at 454 (noting "it is arguable that Almendarez-Torres was incorrectly decided"), but it has not been overruled.

Second, regardless of the ongoing validity of Almendarez-Torres, the United States Supreme Court has not construed "[the Fourteenth] Amendment . . . to include the Fifth Amendment right to 'presentment or indictment of a Grand Jury' that was implicated in . . . Almendarez-Torres." Apprendi, 530 U.S. at 477 n.3, 120 S. Ct. at 2356 n.3, 147 L. Ed. 2d at 447 n.3 (citation omitted); see also Ring, 536 U.S. at 597 n.4, 122 S. Ct. at 2437 n.4, 153 L. Ed. 2d at 569 n.4. Further, in Apprendi, the Supreme Court expressly declined to address the indictment question. See Apprendi, 530 U.S. at 477 n.3, 120 S. Ct. at 2356 n.3, 147 L. Ed. 2d at 447 n.3. Just last year, the Virginia Supreme Court relied on this fact to hold "there is no constitutional requirement that a capital murder indictment include allegations concerning aggravating factors." Morrisette v. Warden, 270 Va. 188, 191, 613 S.E.2d 551, 556 (2005).

Thus, even if the United States Constitution entitles a *federal* indictee to notice of the prosecution's intent to seek a sentence enhancement under a *federal* recidivist statute, the Virginia Supreme Court has concluded the Constitution imposes no such requirement on a similar prosecution conducted pursuant to state law. Absent a change in pronouncement on the subject from the United States or Virginia Supreme Court or some other articulation by appellant as to how the failure of the indictment to allege a second or subsequent offense violates his constitutional rights, we conclude no such violation occurred.

In sum, neither Virginia law nor the United States Constitution compels the result appellant seeks.

II.

For these reasons, we hold the evidence, viewed in the light most favorable to the Commonwealth, supported appellant's conviction for attempted robbery. We hold further that the failure of the indictment to charge the related firearms crime as a second offense was not fatal to appellant's conviction for that crime. Thus, we affirm the challenged convictions.

<u>Affirmed.</u>