COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Willis and Bumgardner
Argued at Richmond, Virginia


DAVID LYNN BOLTON, JR.

OPINION BY
v.    Record No. 2306-00-1        JUDGE JAMES W. BENTON, JR.
AUGUST 7, 2001
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
Alan E. Rosenblatt, Judge

Cal T. Bain, Senior Assistant Public Defender
(Office of the Public Defender, on brief),
for appellant.

Thomas M. McKenna, Assistant Attorney General
(Mark L. Earley, Attorney General, on brief),
for appellee.


The sole question raised by this appeal is whether the

evidence was sufficient to prove beyond a reasonable doubt that

David Lynn Bolton, Jr. released a noxious gas, which injured a

person, in violation of Code § 18.2-312.  We hold that it was, and

we affirm the conviction.

I.

The evidence proved that an employee of a retail store saw

Bolton and another man select several items in the store's

electronic department and put them in shopping carts.  Bolton and

his companion went to another aisle, where Bolton removed from his

pockets bags marked with the store's logo.  Bolton transferred the

merchandise from the shopping carts to those bags and walked with

the bags to the front of the store.  After briefly conversing, Bolton and his companion walked past clerks at the registers without paying for the merchandise and exited the front doors. The employee and a store manager followed and detained Bolton and his companion on the sidewalk in front of the store, where other customers were entering and exiting the store.  There, Bolton sprayed the manager with a chemical identified as "mace."  The substance caused the manager's eyes to burn and water and made the manager cough.

Bolton's attorney argued in a motion to strike the evidence that Code § 18.2-312 requires proof the gas was released inside a "confined space where such a thing might be much more dangerous" and that the area was not a place contemplated by the statute. Denying the motion, the trial judge found that the sidewalk in front of the store was "a part of the place of business" and also that it was "an area where the public gathers."  The judge convicted Bolton of malicious use of a gas in violation of Code § 18.2-312.  This appeal followed.

                                II.

In pertinent part, Code § 18.2-312 provides as follows:

> If any person maliciously release or
> cause or procure to be released in any
> private home, place of business or place of
> public gathering any tear gas, mustard gas,
> phosgene gas or other noxious or nauseating
> gases or mixtures of chemicals designed to,
> and capable of, producing vile or injurious
> or nauseating odors or gases, and bodily
> injury results to any person from such gas

-

or odor, the offending person shall be
guilty of a Class 3 felony.

Bolton does not contest that the evidence proved an injury. He argues that the sidewalk where the incident occurred is not a "place of public gathering" or a "place of business." Citing Code § 32.1-198, Bolton contends that the phrase "public gathering places" has a statutorily defined meaning, which includes "Historic shrines; . . . Terminals of public transportation companies; . . . Festivals, fairs, races and other places where 100 or more people congregate at one time." Code § 32.1-198. He argues that Code § 32.1-198 defines the phrase "public gathering" as used in Code § 18.2-312 and that the sidewalk outside the store's entrance is not within the category of places referenced in Code § 32.1-198. We are not persuaded, however, that the phrase "place of public gathering," which is used in Code § 18.2-312, is so limited.

First, we note that the phrases used in the two statutes are not precisely the same and that those statutes are not intended to address the same harm or concern. "Public gathering places" is the phrase that is used in a statutory scheme for the regulation of environmental health services and pertains to the provision of toilet, sewage, and water supply services. See Code § 32.1-200. A "place of public gathering" is the phrasing in the criminal statute, which is designed to proscribe dangerous conduct that injures persons. Moreover, in the

-

environmental health statutes, the legislature qualified the phrase "public gathering places" by the words "[a]s used in this article," Code § 32.1-198, and, thus, signaled that it did not intend a general definition applicable throughout the Code.

Second, the legislature specifically did not place a definitional limitation on the meaning of "[p]ublic gathering places" when it used that phrase in the health services statute. The statute specifies that the phrase, "[a]s used in this article[,] . . . includes, but is not limited to" to examples specified in the article. Code § 32.1-198. Thus, even if the legislature had intended the two different phrases to be congruent, the health services statute does not contain an exclusive definition of the phrase.

Although we construe statutes strictly in criminal cases, we do not give "an unreasonably restrictive interpretation of the statute." Ansell v. Commonwealth, 219 Va. 759, 761, 250 S.E.2d 760, 761 (1979). We must "construe a statute to promote the end for which it was enacted"; therefore, we should read the statute "to give reasonable effect to the words used 'and to promote the ability of the enactment to remedy the mischief at which it is directed.'" Mayhew v. Commonwealth, 20 Va. App. 484, 489, 458 S.E.2d 305, 307 (1995) (citation omitted).

Code § 18.2-312 proscribes the discharge of noxious gases in a place of public gathering. It is beyond dispute that the nature of noxious gases makes them dangerous if they are

-

dispersed in a public setting.  The plain language of "place of public gathering" unambiguously denotes an area where people assemble openly.  The evidence proved that the sidewalk where Bolton sprayed the gas was five feet from the store's entrance and between the store and its parking lot.  Sidewalks have traditionally been used for public assembly and are generally considered a place of public transience.  Indeed, the evidence proved customers were entering and exiting the store in the vicinity where Bolton discharged the gas.  The vice the statute clearly was designed to avoid includes the discharge of a noxious gas in a place of public gathering wherever it may be.

Accordingly, we hold that the evidence proved that the area where Bolton sprayed the gas was integral to the public's access to the business and was then occupied by customers.  It was a place of public gathering.  We, therefore, affirm the conviction.

<u>Affirmed</u>.

-