COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Chief Judge Huff,[*] Judges Chafin and Decker
Argued at Richmond, Virginia


SHEILA JUANITA SOMERVILLE, S/K/A
 SHELIA J. SOMERVILLE

                                              MEMORANDUM OPINION[**] BY
v.      Record No. 0543-14-2                  JUDGE TERESA M. CHAFIN
                                              FEBRUARY 10, 2015

COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF FREDERICKSBURG
                    William H. Ledbetter, Jr., Judge Designate

             Christopher M. Reyes, Assistant Public Defender (Office of the
             Public Defender, on brief), for appellant.

             Steven A. Witmer, Senior Assistant Attorney General (Mark R.
             Herring, Attorney General, on brief), for appellee.


        Following a jury trial in the Circuit Court of the City of Fredericksburg ("circuit court"),

Sheila Juanita Somerville ("Somerville") was convicted of two counts of malicious use of a

noxious gas to cause bodily injury in violation of Code § 18.2-312 and one count of criminal

solicitation of another to maliciously use a noxious gas to cause bodily injury in violation of

Code §§ 18.2-29 and 18.2-312. On appeal, Somerville challenges the sufficiency of the evidence

supporting her convictions. Somerville contends that the substance she used in this case was a

liquid and that the evidence presented failed to establish that it was "a gas or mixture of

chemicals that produced an odor or gas that caused bodily injury." For the reasons that follow,

we affirm Somerville's convictions.

_____

        [*] On January 1, 2015, Judge Huff succeeded Judge Felton as chief judge.

        [**] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

## I.  BACKGROUND

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.'"  Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987)).  So viewed, the evidence established that Michael Houdin ("Houdin"), a loss prevention manager at Rugged Warehouse, observed Somerville concealing merchandise from the store under her shirt and in her purse.  Houdin left the store and waited outside for Somerville to leave the store without paying for the merchandise.

When Somerville and another woman left the store, Houdin approached them and attempted to say "security."  Somerville, however, sprayed Houdin with a substance from a handheld canister before he could identify himself.  The majority of the spray hit Houdin directly in the right eye, but some of the spray also hit his face and shirt.  Upon being sprayed with the substance, Houdin felt an extremely painful burning sensation that caused him to involuntarily close his eyes.  Houdin testified that he was nearly incapacitated by the effects of the spray.

Despite his condition, Houdin chased Somerville into the parking lot of the store.  When Houdin caught Somerville and attempted to restrain her, she again sprayed him in the face with the substance from the canister.  She also told her companion to spray Houdin with a substance from another canister that she was holding.  Eventually, Houdin and a coworker, Wayne Polk ("Polk"), took the canisters from Somerville and her companion and detained them until police arrived.  Officers of the Fredericksburg Police Department subsequently arrived at the store and arrested the women.

Emergency medical technicians flushed Houdin's eyes when they arrived at the scene.  Although Polk smelled an odor emitted by the substance that Somerville sprayed on Houdin that caused him to cough "every now and then," he was not directly sprayed with the substance by

either Somerville or her companion. He described his coughing as "just a natural reaction to . . . a smell that strong," and did not seek medical attention. Polk was not otherwise injured during the incident.

At Somerville's trial, Houdin and Polk testified concerning the substance Somerville sprayed on Houdin and its effects. Houdin described the substance discharged by Somerville as a "spray," "mist," and "stream." He also interchangeably referred to the substance as "pepper spray," "OC spray," and "mace." Houdin testified that he had previously been sprayed with pepper spray as a part of the training required by his job and that the burning sensation caused by the substance with which Somerville sprayed him "did not feel as intense" as the sensation caused by the pepper spray he was sprayed with during his training. Polk testified that he identified the substance Somerville sprayed on Houdin as pepper spray by its strong smell. Photographs depicting Houdin's physical appearance shortly after Somerville was apprehended were admitted into evidence.

Officer Alexandra Cameron ("Cameron") of the Fredericksburg Police Department testified that she recovered two canisters of "pepper spray" following the incident. Although Cameron destroyed the actual canisters, she took a photograph of them and this photograph was admitted into evidence. One of the canisters contained a substance called "Police OC-17 Magnum." Houdin testified that Somerville sprayed him with a substance from this canister. The other canister contained a substance called "Hot Pink" and indicated that it was produced by "Mace Personal Defense, Inc."[1] Polk testified that Somerville sprayed Houdin with a substance contained in a pink canister.

---

[1] The record does not establish whether the substance contained in this canister was actual mace or a pepper spray manufactured by Mace Personal Defense, Inc., and the Commonwealth conceded in its closing argument to the jury that the evidence presented failed to establish the identity of this substance.

Cameron testified that she had been sprayed with pepper spray as part of her police training, and she described the physical effects caused by the spray. She testified that pepper spray burns on contact and causes "a very painful irritation" to the skin and eyes. Cameron also testified that pepper spray was a liquid material rather than a gas. Cameron, however, admitted that she was only familiar with pepper spray and that she did not know the differences between pepper spray and mace.

At the close of the Commonwealth's evidence, Somerville made a motion to strike the charges against her. Somerville argued that the Commonwealth failed to prove that the substance she sprayed on Houdin was a gas or that it created an odor that caused Houdin's injuries. The circuit court denied Somerville's motion. While the circuit court noted that the substance "was more liquid than gas," it denied the motion to strike based on the strong odor the substance emitted that caused Polk to cough. Both parties rested without presenting additional evidence, and Somerville renewed her motion to strike on the same grounds. The circuit court denied her renewed motion to strike for the same reasons. The jury convicted Somerville of the charged offenses, and she appealed her convictions to this Court.

## II. ANALYSIS

On appeal, Somerville contends that the evidence presented was insufficient to support her convictions. When considering the sufficiency of the evidence on appeal, we "presume the judgment of the trial court to be correct" and reverse only if the trial court's decision is "plainly wrong or without evidence to support it." Davis v. Commonwealth, 39 Va. App. 96, 99, 570 S.E.2d 875, 876-77 (2002); see also McGee v. Commonwealth, 25 Va. App. 193, 197-98, 487 S.E.2d 259, 261 (1997) (*en banc*). Under this standard, "a reviewing court does not 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" Crowder v. Commonwealth, 41 Va. App. 658, 662, 588 S.E.2d 384, 387 (2003) (quoting Jackson

v. Virginia, 443 U.S. 307, 318-19 (1979)).  It asks instead whether "'*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'"  Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (*en banc*) (quoting Jackson, 443 U.S. at 319).  We do not "substitute our judgment for that of the trier of fact" even if our opinion were to differ.  Wactor v. Commonwealth, 38 Va. App. 375, 380, 564 S.E.2d 160, 162 (2002).  "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts."  Jackson, 443 U.S. at 319.

Code § 18.2-312 provides, in pertinent part:

> If any person maliciously release or cause or procure to be released in any private home, place of business or place of public gathering any tear gas, mustard gas, phosgene gas or other noxious or nauseating gases or mixtures of chemicals designed to, and capable of, producing vile or injurious or nauseating odors or gases, and bodily injury results to any person from such gas or odor, the offending person shall be guilty of a Class 3 felony.

Somerville argues that the evidence in this case failed to establish that the substance she sprayed on Houdin was either a "noxious or nauseating gas" or a "mixture of chemicals designed to, and capable of, producing vile or injurious or nauseating odors or gases."  She also argues that Houdin's injuries resulted from his direct contact with the substance rather than any odor that it produced.  These arguments present a case of first impression in this Court.[2]

---

[2] This Court has never decided whether the evidence presented in a particular case established that pepper spray or mace were substances proscribed by Code § 18.2-312.  Bolton v. Commonwealth, 36 Va. App. 358, 550 S.E.2d 342 (2001), however, presented similar facts.  In Bolton, an appellant sprayed the manager of a retail store with mace while attempting to escape from the store after shoplifting.  See id. at 359, 550 S.E.2d at 343.  The appellant limited his appeal to the issue of whether or not he discharged the mace in a public place as required by Code § 18.2-312.  See id. at 360, 550 S.E.2d at 344.  Therefore, while this Court affirmed the appellant's conviction in Bolton, its decision was based on a different issue.  In Sensabaugh v. Commonwealth, No. 1829-97-3, 1998 Va. App. LEXIS 363 (Va. Ct. App. June 23, 1998), an

Somerville argues that the evidence presented in this case established that the substance she sprayed on Houdin was a liquid rather than a gas. Her argument, however, assumes that the substance in question was pepper spray.[3] While Cameron testified that pepper spray was a liquid rather than a gas, the evidence in this case suggested that the substance Somerville sprayed on Houdin could have been mace.

Houdin described the substance as both "pepper spray" and "mace," and he testified that the substance Somerville sprayed on him caused a less intense sensation than the pepper spray with which he had previously been sprayed. One of the canisters recovered from the scene of the incident was manufactured by Mace Personal Defense, Inc., and Polk testified that he believed that Somerville sprayed Houdin with a substance from this canister. Further, while Cameron testified that she recovered two canisters of pepper spray from the scene of the incident, she also testified that she did not know the difference between pepper spray and mace. "Viewing the evidence in the light most favorable to the Commonwealth, as we must since it was the prevailing party in the trial court," Riner v. Commonwealth, 268 Va. 296, 330, 601 S.E.2d 555, 574 (2004), we cannot conclude that the substance Somerville sprayed on Houdin was pepper spray rather than mace. Therefore, Cameron's testimony concerning the physical composition of pepper spray did not establish that the substance Somerville used in this case was a liquid rather than a gas.

Although neither party presented expert testimony concerning the chemical characteristics and effects of pepper spray or mace, Houdin described the substance Somerville

appellant questioned whether pepper spray was a gas prohibited by Code § 18.2-312, but his Court decided that the issue was moot for other reasons.

[3] On appeal, the Commonwealth also contends that pepper spray is a form of tear gas. The record of this case, however, contains no evidence concerning the nature and characteristics of tear gas, and therefore, we cannot reach this conclusion.

sprayed on him as a "spray," "stream," and "mist." Among several definitions, the term "mist" is defined as "a suspension of a finely divided liquid *in a gas*." Webster's Third New International Dictionary 1446 (1981) (emphasis added). While the substance Somerville sprayed on Houdin may have technically consisted of liquid particles, these particles were combined with other molecules and released from their canister in a gaseous state through an aerosol spray. The jury heard Houdin's testimony describing the substance as a mist and viewed video footage from the store's security system that showed Somerville spraying a mist on Houdin. Contrary to Somerville's argument, the jury could reasonably conclude from this evidence that the substance Somerville sprayed on Houdin was a gas and that his injuries were primarily caused by the contact between this gas and his skin and eyes.

Additionally, the evidence of this case established that the substance Somerville sprayed on Houdin emitted a strong odor. Polk testified that he smelled an odor that caused him to cough even though he was not actually sprayed by the substance in question. Given this evidence, the jury could reasonably infer that the odor caused a similar, if not stronger, injurious reaction from Houdin.

On appeal, Somerville argues that this Court has previously concluded that similar substances are "caustic substances" under Code § 18.2-52.[4] In Floyd v. Commonwealth, 31 Va. App. 193, 522 S.E.2d 382 (1999), this Court held that the evidence supported the trial court's

---

[4] Code § 18.2-52 states, in pertinent part:

> If any person maliciously causes any other person bodily injury by means of any acid, lye or other caustic substance or agent or use of any explosive or fire, he shall be guilty of a felony and shall be punished by confinement in a state correctional facility for a period of not less than five years nor more than thirty years.

"Among several definitions of 'caustic' are 'very irritant' and 'burning.'" Floyd v. Commonwealth, 31 Va. App. 193, 199, 522 S.E.2d 382, 385 (1999).

determination that pepper spray was a "caustic substance" as contemplated by Code § 18.2-52. See id. at 200-01, 522 S.E.2d at 385. This Court applied its decision in Floyd to Corado v. Commonwealth, 47 Va. App. 315, 623 S.E.2d 452 (2005), and concluded that pepper spray was a "caustic substance" within the meaning of Code § 18.2-52 as a matter of law. See id. at 336-37, 623 S.E.2d at 462-63.

Floyd and Corado do not control the outcome of this case. As previously discussed, the substance Somerville sprayed on Houdin could have been mace rather than pepper spray. More importantly, however, the classification of a substance as a "caustic substance" under Code § 18.2-52 does not preclude a classification of the same substance as a noxious gas under Code § 18.2-312. A substance may have the characteristics of both a noxious gas and a caustic substance. A noxious gas, for example, may cause bodily injury through its caustic, or burning, effects. While Somerville may have potentially been charged with violating Code § 18.2-52 based on her actions in the present case, "'it is well established that the choice of offenses for which a criminal defendant will be charged is within the discretion of the Commonwealth's Attorney.'" Brown v. Commonwealth, 30 Va. App. 243, 250, 516 S.E.2d 678, 682 (1999) (quoting Kauffmann v. Commonwealth, 8 Va. App. 400, 410, 382 S.E.2d 279, 284 (1989)).

In conclusion, we hold that the evidence presented supported the jury's determination that Somerville used a substance proscribed by Code § 18.2-312 to cause bodily injury. Accordingly, we affirm her convictions.

Affirmed.